**Donald TURNPAUGH, Petitioner,**

v.

**Richard JOHNSON, Respondent.**

**No. 90–CV–73206–DT.**

United States District Court,
E.D. Michigan, S.D.

Jan. 8, 1992.

---

Donald Turnpaugh, in pro. per.

K. Davison Hunter, Asst. Atty. Gen., Appellate Div., Habeas Corpus Section, Lansing, Mich., for respondent.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on Donald Turnpaugh's petition for Writ of Habeas Corpus. For the reasons hereafter stated, the petition is denied and dismissed.

## I. BACKGROUND

Petitioner Donald Turnpaugh was convicted of two counts of first degree murder contrary to MCLA § 750.316. On July 1, 1977, he was sentenced to two concurrent mandatory life sentences. The Michigan Court of Appeals affirmed his convictions and the Michigan Supreme Court denied review. 417 Mich. 1023, 334 N.W.2d 624 (1983).

Shortly thereafter, Mr. Turnpaugh filed two identical petitions for habeas review in the Eastern District of Michigan. On November 30, 1984, they were consolidated and dismissed as a "mixed" petition by the Honorable Richard Suhrheinrich. Turnpaugh was subsequently permitted to file an amended petition which Judge Suhrheinrich denied on the merits. Turnpaugh appealed to the Sixth Circuit and was appointed appellate counsel.

On November 26, 1985, while his first appeal was pending, Turnpaugh filed another habeas petition. The Honorable Anna Diggs Taylor denied the petition on the merits on August 18, 1986. In September of 1986, Turnpaugh likewise appealed this decision. Meanwhile, on December 2, 1986, the Sixth Circuit affirmed Judge Suhrheinrich's earlier determination. 811 F.2d 608.

On August 4, 1987, the Sixth Circuit again appointed counsel for Turnpaugh's second appeal. A Sixth Circuit panel affirmed Judge Taylor's judgment on August 23, 1988. 856 F.2d 196. Mr. Turnpaugh's appellate counsel petitioned to the United States Supreme Court for a Writ of Certiorari. The petition was denied December 12, 1988.

Turnpaugh filed his third habeas petition on September 19, 1988. On June 29, 1990, Judge Taylor again denied the petition. Judge Taylor reasoned in part that Mr. Turnpaugh had abused the writ. Thus, dismissal pursuant to Habeas Corpus Rule 9(b) was within the court's discretion.

Now before this Court is Mr. Turnpaugh's fourth petition for Writ of Habeas Corpus, filed October 29, 1990. Respondent Richard Johnson has moved for dismissal of the petition pursuant to Rule 9(b). It states:

A second or successive petition may be dismissed if a judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

*Id.*

This case was referred to United States Magistrate Judge Paul J. Komives for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); E.D.Mich.Local Rule 10(b). Magistrate Komives concluded that Mr. Turnpaugh's petition should be dismissed as an abuse of the writ or, in the alternative, that it lacked merit. Mr. Turnpaugh filed timely objections thereto. This Court is thus obliged to review *de novo* those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); E.D.Mich.Local Rule C–4(b).

## II. OPINION

■ As noted above, a district court judge may dismiss a petition for habeas corpus review where it is determined that petitioner has abused the writ. In *McCleskey v. Zant*, —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the United States Supreme Court held that a cause and prejudice analysis applied to this inquiry. Thus:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard.

*Id.* 111 S.Ct. at 1470.[1] In this matter, respondent has adequately set forth Mr.

Turnpaugh's writ history.[2] Moreover, respondent has alleged that Turnpaugh has abused the writ.[3] Thus, Mr. Turnpaugh has the burden to establish cause for failing to raise his instant claims in previous petitions as well as prejudice therefrom.

■ For cause to exist, petitioner must show some external impediment, be it governmental interference or the reasonable unavailability of the factual basis for claims, that prevented him from raising them in previous habeas petitions. *McCleskey*, 111 S.Ct. at 1472. The requirement of cause in this context is based on the principle that petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds in the first federal habeas petition. If what petitioner knows or could discover upon reasonable investigation supports a claim for relief in a federal habeas petition, what he does not know is irrelevant. *Id.*

Mr. Turnpaugh raises the following in his instant petition: (1) that his convictions for first-degree murder under instructions which did not require the jury to agree on one of the alternative theories of premeditation or felony-murder violated his right to a unanimous verdict;[4] (2) that his Fifth Amendment right to remain silent was vio-

---

1. As an initial matter, petitioner contends that *McCleskey* should not apply to his petition. He reasons that the decision was rendered April 16, 1991, while his petition was filed October 29, 1990. Thus, according to petitioner, it should not apply retroactively. The fault with this argument is that in *McCleskey* itself, the Court analyzed that petitioner's claim under a cause and prejudice standard. Obviously, that petition had been filed long before the Court's decision. Thus, the Supreme Court necessarily held that its determination was not limited to prospective application only. For this court to hold otherwise would be both unprecedented and violative of the equal protection component of the Fifth Amendment Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).

2. *See* Respondent's *Answer to Petition for Writ of Habeas Corpus*, pp. 12–21.

3. *Id.* at 12.

4. In *Schad v. Arizona*, —— U.S. ——, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991), the United States

Supreme Court held, assuming arguendo that juror unanimity is constitutionally mandated, that the jury need not agree on the *mens rea* necessary for first-degree murder. That is, the Court viewed premeditation and felony-murder as alternative means of reaching a single result. Whether six jurors found premeditation while the other six convicted on the basis of felony-murder was not, according to the Court, constitutionally significant. But Turnpaugh's first claim is not merely that the Constitution requires juror unanimity with respect to a criminal defendant's mental state in convicting for first-degree murder. After all, *Schad* expressly rejects this argument. Rather, Turnpaugh urges that there was insufficient evidence adduced at trial to convict him using felony-murder as an element of the offense. Turnpaugh thus hypothesizes that if in fact some of his jurors convicted on this ground, his due process rights have been violated. Consequently, Turnpaugh's initial claim, in light of *Schad*, is simply a challenge to the sufficiency of the evidence to support his convictions. In his first petition for habeas review before Judge Suhrheinrich, the same claim was dismissed on the merits. The Sixth Circuit affirmed.

lated when the prosecution stated that certain testimony was "undisputed"; and (3) ineffective assistance of counsel for failing to raise the above issues at trial and in his appeal as of right. He contends that constitutionally inadequate law libraries and the State of Michigan's confiscation of his assets pursuant to the State Correctional Facility Reimbursement Act, M.C.L. § 800.-404,[5] establish cause for his failure to raise these claims in earlier habeas petitions. For the purposes of this opinion, this Court will assume this is true.[6]

■ Thus, this Court must now determine whether Turnpaugh has shown prejudice. Courts have interpreted prejudice as a test of actuality, not possibility. Consequently, a habeas petitioner must shoulder the burden of proving not merely that errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, and "so infected the entire trial that the resulting conviction violates due process." *United States v. Frady*, 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982). Turnpaugh has made no such showing. That is, he has not offered any "affirmative evidence indicating that he [has] been convicted wrongly of a crime of which he [is] innocent." *Id.* at 171, 102 S.Ct. at 1596. Indeed, the evidence is overwhelmingly to the contrary.[7] This Court thus concludes

that Turnpaugh has failed to establish actual prejudice.

## III. CONCLUSION

For all the reasons set forth above, this Court holds that petitioner has abused the writ. Accordingly, respondent's motion is GRANTED, and petitioner's request for a Writ of Habeas Corpus is DENIED.

IT IS SO ORDERED.

---

5. Turnpaugh argues that due to the seizure of his monies, he was unable to retain competent counsel to review, investigate and research the instant habeas claims.

6. For the sake of completeness, however, this Court expresses substantial doubt as to the sufficiency of Turnpaugh's allegations. Regarding the confiscation of his assets, Turnpaugh claims that this rendered him financially unable to hire counsel to prosecute his several habeas petitions. Of course, there is no constitutional right to an attorney in habeas proceedings. *Crowe v. United States*, 175 F.2d 799 (4th Cir.1949), *cert. denied*, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). Thus, lack thereof, for whatever reason, can not constitute cause.

As to the charge that constitutionally inadequate law libraries suffice for cause, this Court makes two observations. First, Turnpaugh's claims in this petition do not present novel or complex legal issues. Indeed, Turnpaugh himself characterizes his initial claim as "primarily

one of insufficient evidence." Petitioner's *Objections*, p. 2 (emphasis in original). His other claims of prosecutorial misconduct and ineffective assistance of counsel are merely slight permutations of arguments raised in his first three petitions for habeas review. Second, and more important, is the fact that the opinion in *Knop v. Johnson*, 667 F.Supp. 467 (W.D.Mich.1987), upon which Turnpaugh relies for the proposition that various Michigan correctional facilities lacked adequate law libraries, was issued in August of 1987. Since that date, but prior to this petition, Turnpaugh filed at least one other habeas petition. *Knop* is thus unavailable to Turnpaugh regarding the omission of his instant claims from his September 19, 1988 petition.

7. Time and again Turnpaugh's convictions have been upheld, both in state and federal courts, against challenges to the sufficiency of the evidence, charges of erroneous juror instructions and claims of prosecutorial misconduct. This Court cannot and will not revisit the merits of those determinations.