Oscar **ANDIARENA**, Petitioner, Appellant,

v.

**UNITED STATES of America**, Respondent, Appellee.

No. 91–1943.

United States Court of Appeals, First Circuit.

Submitted Jan. 28, 1992.

Decided June 26, 1992.

Oscar Andiarena, on brief pro se.

Richard S. Cohen, U.S. Atty. and F. Mark Terison, Asst. U.S. Atty., Portland, Me., on brief, for respondent, appellee.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

Oscar Andiarena (petitioner) appeals pro se from the denial of his second petition under 28 U.S.C. § 2255 to vacate his sentence. The district court dismissed the petition as an "abuse of the writ" pursuant to *McCleskey v. Zant,* — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). We affirm.

### I.

In 1985, petitioner was convicted of conspiracy to possess with intent to distribute cocaine and thereafter was sentenced to a 30–year prison term. On appeal, represented by new counsel, he cited as error (1) the district court's admission into evidence of prior bad acts, (2) the court reporter's failure to transcribe portions of audiotapes, and (3) the alleged ineffectiveness of trial counsel. We rejected each argument and affirmed the judgment. *United States v. Andiarena,* 823 F.2d 673 (1st Cir.1987). In May 1990, petitioner filed a pro se § 2255 petition raising a single contention: that his sentence had been unconstitutionally augmented in reprisal for his exercise of his right to trial. The district court rejected this argument on the merits, as did we in an unpublished opinion. *Andiarena v. United States,* 940 F.2d 646 (1st Cir.1991).

Two weeks later, on April 16, 1991, petitioner filed a second § 2255 petition.[1] He there advanced seven allegations: (1) the indictment was not triable in Maine because venue properly lay only in Florida, (2) his trial attorney was ineffective, (3) the indictment was defective due to insufficiency of the evidence, (4) evidence of past crimes was erroneously admitted, (5) three witnesses testified falsely, (6) the government knew of and condoned such perjury, and (7) the district court abused its discretion on various occasions, particularly in its jury instructions, its evidentiary rulings, and its refusal to permit trial counsel to withdraw.

By coincidence, on the same day that this petition was filed, the Supreme Court handed down its *McCleskey* decision. The Court there held that the cause-and-prejudice standard applicable to cases of procedural default, *see, e.g., Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), should likewise govern abuse of the writ jurisprudence. If the government adequately pleads abuse of the writ, the Court explained,

> [t]he burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions.... If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

111 S.Ct. at 1470. In its response to the petition here, the government satisfied its burden of pleading abuse of the writ: it detailed petitioner's prior writ history and argued that he lacked cause for having failed to include the present claims in his earlier petition. The district court directed petitioner to explain why dismissal under *McCleskey* would be improper. After considering petitioner's response, the court

---

1. The record shows that Andiarena actually prepared and signed this petition on March 21, 1991, before our decision affirming the dismissal of his first petition had issued.

summarily dismissed the petition as an abuse of the writ.

## II.

■ In contesting the district court's decision, petitioner raises two threshold issues. First, he argues that *McCleskey* is inapplicable because it involved a state prisoner's habeas petition under 28 U.S.C. § 2254, not one filed by a federal prisoner under § 2255. It is true that the *McCleskey* Court emphasized notions of federalism and comity, *see* 111 S.Ct. at 1468–70, which are of course absent in the § 2255 context. Yet the central concern underlying its ruling—the importance of promoting finality in the criminal arena—is not confined to state prisoners. "[T]he Federal Government, no less than the States, has an interest in the finality of its criminal judgments." *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) (applying cause-and-prejudice standard to procedural defaults in § 2255 context). Moreover, the Court in *McCleskey* was guided in part by its interpretation of Rule 9(b) of the Rules Governing Section 2254 Cases, which was seen as incorporating the judge-made principle governing abuse of the writ. 111 S.Ct. at 1466–67. A counterpart to this rule—identically worded in all relevant respects—appears in the Rules Governing Section 2255 Proceedings.[2] *See also Sanders v. United States*, 373 U.S. 1, 14, 83 S.Ct. 1068, 1076, 10 L.Ed.2d 148 (1963) (standard for abuse of writ under § 2255 is "material equivalent" of abuse standard in § 2254 cases) (quoted in *McCleskey*, 111 S.Ct. at 1465). We therefore conclude, as have apparently all other courts addressing the issue, that the standard announced in *McCleskey* is equally applicable to § 2255 proceedings. *Accord, e.g., Van Daalwyk v. United States*, 792 F.Supp. 622, (E.D.Wis.1992); *United States v. MacDonald*, 778 F.Supp. 1342, 1357 (E.D.N.C. 1991), *aff'd*, 966 F.2d 854 (4th Cir.1992).[3]

■ Second, petitioner contends that the *McCleskey* decision should be accorded prospective effect only. Applying the cause-and-prejudice standard in this context, he suggests, constitutes a "new rule" which, under *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), should not be applied retroactively to cases on collateral review. Yet the *McCleskey* Court indicated that, rather than creating a new rule, it was attempting simply "to define the doctrine of abuse of the writ with more precision," 111 S.Ct. at 1467, and to "clarif[y] the imprecise contours of the term 'inexcusable neglect,'" *id.* at 1471. It also explained that its decision followed directly from "a review of our habeas corpus precedents," *id.* at 1468, and was "consistent with ... our modern abuse of the writ decisions," *id.* at 1471. Relying on this language, the court in *Harris v. Vasquez*, 949 F.2d 1497 (9th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1275, 117 L.Ed.2d 501 (1992), rejected the very argument petitioner now advances.[4] *Id.* at

2. Rule 9(b) governing § 2254 cases states in pertinent part: "A second or successive petition may be dismissed [where], ... if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." Its counterpart in the § 2255 context, which is also denominated Rule 9(b), differs only in matters of form. As a § 2255 motion is technically not a habeas corpus petition, this rule refers, not to "an abuse of the writ," but to "an abuse of the procedure governed by these rules."

3. Other courts have reached the same determination in unreported decisions. *See, e.g., Dorani v. United States*, 959 F.2d 234 (6th Cir.1992) (table) (text in Westlaw); *Hewlett v. United States*, 948 F.2d 1289 (6th Cir.1991) (table) (text in Westlaw); *United States v. Ramos*, 1991 WL 236187 (E.D.La.1991); *United States v. Borbon*, 1991 WL 210927 (S.D.N.Y.1991).

4. Judges Reinhardt and Pregerson, dissenting from the rejection of a suggestion for rehearing *en banc* in *Harris*, disagreed with this analysis. 949 F.2d at 1539, 1541–44. Pointing to the earlier Fifth Circuit standard for abuse of the writ—whether a petitioner (1) had deliberately withheld claims, (2) was pursuing needless, piecemeal litigation, or (3) had raised claims only to vex, harass, or delay—they argued that *McCleskey* did announce a new, more stringent rule. And because that rule operated to contract the rights of defendants, they indicated the proper retroactivity standard was not that announced in *Teague*, but rather one inquiring whether a defendant reasonably relied on an earlier rule and whether it would be inequitable to thwart such reliance.

1512; *accord Andrews v. Deland,* 943 F.2d 1162, 1172 n. 7 (10th Cir.1991) (*McCleskey* applies retroactively as it "involves a clarification of a procedural rule, not a change in substantive law"), *cert. denied,* — U.S. —, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992); *Russell v. Collins,* 944 F.2d 202, 205 (5th Cir.) (per curiam) (same), *cert. denied,* — U.S. —, 112 S.Ct. 30, 115 L.Ed.2d 1112 (1991). Other courts have held that, whether or not *McCleskey* announced a "new rule," the fact that the Court there applied its decision to Mr. McCleskey himself requires retroactive application in other pending cases. *United States v. MacDonald,* 966 F.2d 854, 858 n. 6 (4th Cir.1992) (invoking *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991)); *Turnpaugh v. Johnson,* 780 F.Supp. 476, 478 n. 1 (E.D.Mich.1992). And in dozens of other cases, courts have applied *McCleskey*

retroactively without addressing the issue.[5] We therefore find that the *McCleskey* standard governs here.[6]

■ With these preliminaries out of the way, the instant case can be readily disposed of. Five of the seven issues advanced in the instant petition are presented for the first time.[7] The *McCleskey* Court indicated that, to establish "cause" for failure to raise a claim in a prior petition, one must show that some external impediment, such as government interference or the reasonable unavailability of the factual or legal basis for a claim, prevented it from being raised earlier. 111 S.Ct. at 1472. Petitioner has fallen well short of meeting this standard. He explains only that, at the time he filed his first petition, he did not have access to the transcripts of his trial. Yet in his reply brief, he admits that he still has not obtained the transcripts. His explanation, feeble to begin with, thus

---

■ As mentioned, other courts have rejected this analysis. We pause only to note that the pre-*McCleskey* standard in this circuit was somewhat more rigorous than that in the Fifth Circuit. As this court stated in *McLaughlin v. Gabriel,* 726 F.2d 7 (1st Cir.1984):

> The writ of habeas corpus is abused if the petitioner deliberately withheld a ground in a previous petition *or was inexcusably neglectful in not presenting it.* Conversely, the writ is not abused if, for example, the petitioner's unawareness of facts which might support a habeas corpus application is excusable, or if his failure to understand the legal significance of the known facts is justifiable.

*Id.* at 10 (emphasis added) (citations and quotations omitted). And as explained *infra,* it cannot be said that applying *McCleskey* here would unfairly thwart petitioner's reliance on this earlier standard or otherwise prove inequitable.

**5.** A sampling from other circuits is as follows: *Cornman v. Armontrout,* 959 F.2d 727 (8th Cir. 1992); *Parks v. Reynolds,* 958 F.2d 989 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 1310, 117 L.Ed.2d 530 (1992); *Wise v. Fulcomer,* 958 F.2d 30 (3d Cir.1992); *Saahir v. Collins,* 956 F.2d 115 (5th Cir.1992); *Peterson v. Murray,* 949 F.2d 704 (4th Cir.1991); *Deutscher v. Whitley,* 946 F.2d 1443 (9th Cir.1991), *petition for cert. filed,* 60 U.S.L.W. 3736 (U.S. Apr. 10, 1992) (No. 91–1633). *See also Gomez v. United States District Court,* — U.S. —, 112 S.Ct. 1652, 1653, 118 L.Ed.2d 293 (1992) (suggesting that *McCleskey* is retroactive).

**6.** In only one appellate decision, *Moss v. Collins,* 958 F.2d 98 (5th Cir.1992), has *McCleskey* been held nonretroactive. Unusual circumstances

were there involved, but these need not be described. The Fifth Circuit has recently withdrawn this opinion and issued a corrected one which avoids all discussion of the issue. *Moss v. Collins,* 963 F.2d 44 (5th Cir.1992). The same court has applied *McCleskey* retroactively on numerous other occasions. *See, e.g., Romero v. Collins,* 961 F.2d 1181 (5th Cir.1992); *Ellis v. Collins,* 956 F.2d 76 (5th Cir.) (per curiam), *cert. denied,* — U.S. —, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992); *Herrera v. Collins,* 954 F.2d 1029 (5th Cir.), *cert. granted,* — U.S. —, 112 S.Ct. 1074, 117 L.Ed.2d 279 (1992).

**7.** The remaining two—ineffective assistance of counsel and admission of prior crimes—were addressed on direct appeal and need not be reconsidered. *See, e.g., Tracey v. United States,* 739 F.2d 679, 682 (1st Cir.1984), *cert. denied,* 469 U.S. 1109, 105 S.Ct. 787, 83 L.Ed.2d 781 (1985).

In his reply brief, petitioner maintains that in his direct appeal he alleged ineffectiveness of *trial* counsel, whereas he here is alleging ineffectiveness of *appellate* counsel. To the contrary, his petition here makes no reference to his appellate attorney; his complaints in this regard are directed exclusively to his trial attorney. The sole reference thereto in the proceedings below appears in petitioner's response to the show cause order, in which he states without elaboration that he was "denied effectiveness of counsel at the District Court and Appeal level." Given the untimely and oblique nature of this remark, we cannot say that this claim was properly presented below. We therefore do not consider it on appeal.

falters entirely: as he was here able to advance these claims without having possession of the transcripts, he plainly could have done so earlier. Moreover, the factual and legal basis underlying each of these claims was obviously apparent at the time of trial; nothing in petitioner's current arguments provides any justification for the delay in raising them.[8]

■ The remaining inquiry is whether petitioner has shown that a "fundamental miscarriage of justice would result" from a failure to entertain any of his claims. *McCleskey,* 111 S.Ct. at 1470. If so, the fact that he failed to raise that claim in his earlier petition could be excused, notwithstanding his inability to show cause therefor. Yet this exception involves only a "narrow class of cases"—ones involving "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Id.* Here, the only claims potentially embraced by this exception are the perjury allegations. And, upon examination, these claims fall well short of satisfying this rigorous standard.

Petitioner first argues in this regard that coconspirator Luis Llerena testified falsely that he delivered $2,000 in drug proceeds to petitioner in Miami on November 7, 1984. According to petitioner, Llerena was in Maine from November 4 to November 10, and so could not have made any such delivery on November 7. The government responds that petitioner has misread the record: Llerena in fact testified he gave the money to petitioner, not on November 7, but when he flew to Miami on November 10. We are unable to verify this assertion, as the trial transcripts are not contained in the record on appeal. Regardless, even if the testimony was as petitioner describes, his guilt would not thereby be drawn into serious question. Four of his coconspirators identified petitioner at trial as the source of the cocaine. The district judge at sentencing described the evidence against petitioner as "overwhelming" (a fact we

noted in our decision addressing petitioner's first § 2255 appeal). And petitioner has at no time—neither in his direct appeal nor in either of his § 2255 petitions—challenged the sufficiency of the evidence supporting his conviction.

■ Petitioner's remaining contention consists in its entirety of the following charge: "Joseph Lopez and Gustavo Lopez [two of his coconspirators] made false statements in order to receive lighter sentences from pending cases, and the prosecutor knew that the statements were false." Petition at 14. In the abstract, this allegation raises an issue of utmost concern: a prosecutor's knowing use of perjured testimony is one of "the classic grounds for the issuance of a writ of habeas corpus." *Rose v. Lundy,* 455 U.S. 509, 544, 102 S.Ct. 1198, 1216–17, 71 L.Ed.2d 379 (1982) (Stevens, J., dissenting) (quoted in *Teague,* 489 U.S. at 313–14, 109 S.Ct. at 1077). Yet it is nothing more than an abstract allegation. Petitioner has offered no elaboration of any kind. In particular, he has failed to identify what portions of the Lopez brothers' testimony are allegedly perjurious, and has provided no factual support for his supposition that the government countenanced any such perjury. Given its wholly conclusory nature, this charge was properly subject to summary dismissal. *See, e.g., Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam). It clearly provides no basis here for invoking *McCleskey's* "miscarriage of justice" exception.

*Affirmed.*

---

**8.** In fact, petitioner attempted to raise most of these issues during his appeal from the denial of the first § 2255 petition. This court declined to hear them as they had not been presented below.