977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Duane Wendall LARSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 92-2212MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 5, 1992.
Filed: October 8, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Duane Wendall Larson appeals the district court's order dismissing as successive and abusive his third motion for relief under 28 U.S.C. § 2255 and dismissing as untimely his motion to reconsider his first section 2255 motion. We affirm.
 
 
 2
 Having carefully reviewed the record, we conclude the district court correctly denied as successive Larson's third section 2255 motion, which raised the same Fourth Amendment, ineffective assistance of counsel, and evidentiary hearing issues as Larson's earlier motions. Larson simply disagrees with the earlier decisions. We also affirm the denial of Larson's motion for reconsideration of his first section 2255 motion.
 
 
 3
 In addition, we agree with the district court that Larson's discovery claim abused the writ. The Government satisfied its burden of asserting Larson abused the writ when it stated Larson did not raise the issue in his first and second section 2255 motions. See McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991); Andiarena v. United States, 967 F.2d 715, 717 (1st Cir. 1992) (per curiam) (McCleskey standard applies to section 2255 proceedings). To disprove the abuse, Larson must show cause and prejudice to excuse his failure to raise the claim earlier. McCleskey, 111 S. Ct. at 1470. Because Larson knew of the discovery's existence, he cannot show prejudice. See United States v. Bagley, 473 U.S. 667, 678 (1985). Larson's right-to-testify claim is also abusive.
 
 
 4
 Accordingly, we affirm. We deny Larson's motion to argue his appeal.