February 19, 1993

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1291

 ROBERT A. WHITTEMORE,

 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 
 Higginbotham,* Senior Circuit Judge,
 
 and Boudin, Circuit Judge.
 

 

 David M. Sanders for appellant.
 
 F. Mark Terison, Assistant United States Attorney, with whom
 
Richard S. Cohen, United States Attorney, and James M. McCarthy,
 
Assistant United States Attorney, were on brief for appellee.

 

 

 
*Of the Third Circuit, sitting by designation.

 Higginbotham, Senior Circuit Judge. Petitioner, Robert
 

A. Whittemore, appeals from the denial of his second petition

under 28 U.S.C. 2255 to set aside, vacate or correct his

sentence. The district court dismissed the petition as an "abuse

of the writ". We affirm.

 I.

 In June 1988, Whittemore was convicted of one count of

conspiracy to possess with intent to distribute cocaine, and two

counts of knowingly and intentionally distributing a quantity of

cocaine. At trial the prosecution showed that Whittemore sold

Tyrone Gray, a government informant, an ounce of cocaine for

$1,500 on one occasion, and two kilograms worth $72,000 on

another occasion. The prosecution also showed that Whittemore

conspired with Gray and a woman named Lisa Obremski to obtain

cocaine in Florida and distribute it in Maine.

 Following his conviction, Whittemore entered into a

cooperation agreement with the government in which he waived the

right of direct appeal of his conviction. The government in turn

gave Whittemore "use immunity" for his cooperative statements and

agreed to notify the sentencing court of the extent of

Whittemore's cooperation. Thereafter, in August 1988, Whittemore

was sentenced to imprisonment for 15 years on all three counts,

to be served concurrently, and 10 years of supervised release on

the two counts of distribution, to run concurrently.

 On April 25, 1991, Whittemore wrote to the district

court, requesting the court to issue an order stating that his

sentence was subject to parole. The court treated the letter as

a motion to correct a sentence under Rule 35(a) of the Federal

Rules of Criminal Procedure. The court held that the charges

under which Whittemore was convicted were subject to the Anti-

Drug Abuse Act of 1986 and therefore did not permit parole. 

 On August 19, 1991, Whittemore filed pro se his first
 

 2255 petition. In this first petition, Whittemore again raised

the issue of whether he was appropriately precluded from

consideration for parole by the provisions of the Anti-Drug Abuse

Act of 1986. On October 17, 1991, the district court once more

found that Whittemore's conviction was clearly subject to the

non-parolable provisions of the Anti-Drug Abuse Act and denied

his petition without an evidentiary hearing.

 On November 12, 1991, Whittemore filed, again pro se, a
 

second 2255 petition. This time, Whittemore raised three

issues as grounds to vacate or correct his sentence. First,

Whittemore claimed that Tyrone Gray gave false testimony for the

prosecution at Whittemore's trial, thereby causing him to be

convicted. Second, he claimed that Lisa Obremski gave false

 -3-
 3

testimony at his sentencing hearing, thereby causing the

sentencing judge to impose a longer term of imprisonment.

Finally, Whittemore claimed that he was entitled to credit

against his sentence for time served prior to his conviction.

 On December 3, 1991, the government moved to dismiss

Whittemore's second petition on the ground, among other things,

that Whittemore alleged claims in the petition which he could

have asserted in the earlier petition. On December 7, 1991,

Whittemore responded to the government's motion. In a letter to

the court, Whittemore explained why his second petition should

not be dismissed. Whittemore wrote in part:

 I did not know that when I filed my first motion I
 should have put these other points in as well. My
 first motion was done by a friend that worked in the
 law library. Had I understood this their [sic] are
 some other points I would have made on this last one.

 On January 15, 1992, the district court denied

Whittemore's second petition without an evidentiary hearing. The

court found that the government had carried its burden of showing

that Whittemore had abused the writ of habeas corpus. The court

also determined that Whittemore had failed to show that failure

to entertain his second petition would result in a miscarriage of

justice. As to Whittemore's claim that he was entitled to credit

for time served prior to his conviction, the court concluded that

Whittemore had not exhausted his administrative remedies by

 -4-
 4

failing to pursue his claim with the Bureau of Prisons. In any

event, the court reasoned, even if Whittemore had exhausted his

administrative remedies, he would not be entitled to credit for

time served because he was out on bail and not incarcerated prior

to his conviction.

 On appeal, Whittemore, now represented by counsel, has

abandoned his claim that he is entitled to credit against his

sentence for time served prior to conviction. Whittemore also

does not challenge on appeal the court's finding that no

fundamental miscarriage of justice would result from a failure to

entertain the claims in the second 2255 petition.1 Instead,

Whittemore presents three main arguments: 1) that the district

court erred in not giving him notice that his second petition was

subject to dismissal for abuse of the writ; 2) that the abuse of

the writ standard is inapplicable because his first pro se
 

petition "was filed out of ignorance" and, therefore "had no

 

 1In responding to the district court's finding that no
 miscarriage of justice would result from denying his second
 petition, Whittemore writes in his brief on appeal: "It is
 not Mr. Whittemore's purpose within the context of this
 appeal to challenge the district court `miscarriage of
 justice' analysis." Appellant's Brief at 8-9. Accordingly,
 we need not address in detail the court's miscarriage of
 justice analysis. It suffices to say that we would agree
 with the district court's conclusion that, under McCleskey
 
 v. Zant, 111 S.Ct. 1454 (1991), no miscarriage of justice
 
 would result from the denial of Whittemore's second
 petition.

 -5-
 5

substantive meaning"; and 3) that, even if the abuse of the writ

analysis is applicable to the second petition, he did satisfy the

burden to show cause for his failure to raise his claims in the

earlier 2255 petition.

 II.

 The district court correctly determined that the

question of whether a petitioner has abused the writ of habeas

corpus is governed by McCleskey v. Zant, 111 S.Ct. 1454 (1991).
 

In McCleskey, the Supreme Court held that "a petitioner can abuse
 

the writ by raising a claim in a subsequent petition that he

could have raised in the first, regardless of whether the failure

to raise it earlier stemmed from deliberate choice." Id., 111
 

S.Ct. at 1468. The burden is on the government to first plead

abuse of the writ. Id. at 1470. The government satisfies this
 

burden "if, with clarity and particularity, it notes petitioner's

prior writ history, identifies the claims that appear for the

first time, and alleges that petitioner has abused the writ." Id.
 

 The burden to disprove abuse of the writ then becomes

petitioner's. Id. In order to satisfy this burden, petitioner
 

must show cause for failing to raise earlier the claim presented

in the subsequent petition. Id. To show cause, petitioner must
 

 -6-
 6

show that some external impediment, such as governmental

interference or the reasonable unavailability of the factual or

legal basis for a claim, prevented the claim from being raised

earlier. Id. at 1472. If petitioner cannot show cause "the
 

failure to raise the claim in an earlier petition may nonetheless

be excused if he or she can show that a fundamental miscarriage

of justice would result from a failure to entertain the claim."

Id. at 1470.
 

 A.

 As a preliminary matter, Whittemore argues on appeal

that the district court erred in not giving him notice that his

second petition was subject to dismissal. Whittemore's argument

goes as follows: Rule 9(b) of the Rules Governing Section 2255

Proceedings provides that a second or successive 2255 motion may

be dismissed if the court finds that petitioner's failure to

assert grounds in an earlier petition constituted abuse of

process. Following Rule 9(b) in the appendix of forms is a model

form to be used in 2255 petitions. This form "was clearly

drafted for the benefit of the pro se litigant." The form is
 

designed to give the pro se petitioner specific notice that the
 

petition is subject to dismissal. Whittemore, at the time of the

filing of his second 2255 petition, was a pro se litigant. The
 

district court never sent the Rule 9(b) form to Whittemore.

 -7-
 7

Therefore, Whittemore argues, this court should reverse the

district court's order dismissing his second petition.

 We find this argument unconvincing. The fact of the

matter is Whittemore did have notice that his second petition was

subject to dismissal. The form which he used to file the first 

2255 petition contained the warning: "CAUTION: If you fail to set

forth all ground[s] in this motion, you may be barred from

presenting additional grounds at a later date." Furthermore,

Whittemore actually responded to the government's motion to

dismiss his second petition. In a letter to the court, he

explained that at the time he filed his first petition he did not

know that he was supposed to present all of his claims at once.

Finally, we have never held in this circuit that failure to give

specific notice to a petitioner is alone grounds to reverse the

district court's dismissal of a 2255 petition for abuse of the

writ, especially when, as here, the petitioner had actual notice

that the petition was subject to dismissal. See McLaughlin v.
 

Gabriel, 726 F.2d 7, 10 (1st Cir. 1984) (pleading abuse of the
 

writ puts petitioner on notice to show cause why claim raised in

subsequent petition was not brought in an earlier petition).

 B.

 Whittemore next argues that the McCleskey abuse of the
 

writ standard should not be applied to his second petition

 -8-
 8

because his first petition "was filed out of ignorance" and,

therefore "had no substantive meaning." As we understand

Whittemore's argument, the first 2255 petition raised an issue

which the court had already denied in Whittemore's Rule 35

motion; namely the issue of whether his sentence was subject to

parole. The district court, in denying the first 2255

petition, did not rule on the merits of the claim, since that

claim had already been decided in the Rule 35 motion. Therefore,

Whittemore argues, for purposes of determining whether he has

abused the writ, the first 2255 petition should not count, and

the second petition should in effect be considered the first.

 Whittemore has not cited any case to support this

rather ingenious proposition. In any event, the point of the

doctrine of abuse of the writ, as explained in McCleskey, is not
 

what petitioner alleges in the first 2255 petition, but rather

what petition does not allege in the first petition. McCleskey,
 

111 S.Ct. at 1470. Thus, it is not relevant that the claim

Whittemore made in the first petition was one which had already

been decided by the court. The point is that in bringing the

first petition Whittemore was obligated to present all of the

claims which he now raises in the second petition.

 C.

 -9-
 9

 Whittemore's remaining contention is that, even if the

abuse of the writ analysis is applicable to his second petition,

he did satisfy the burden to show cause for his failure to raise

his claims in the earlier 2255 petition. Specifically

Whittemore explains that the issues raised in the second 2255

motion were not raised in the first 2255 motion because he did

not have the funds to hire an attorney, he was not represented by

counsel at the time of both motions, and he was unfamiliar with

the law. 

 In Andiarena v. U.S., 967 F.2d 715 (1st Cir. 1992), we
 

considered the pro se appeal of a petitioner from the denial of
 

his second 2255 petition by the district court. As an attempt

to establish cause for failure to raise his claims in a prior

petition, petitioner explained that at the time he filed his

first petition he did not have access to the transcripts of his

trial. We held petitioner's explanation insufficient to show

cause. Andiarena, 967 F.2d at 718. We reasoned that under the
 

standard established in McCleskey, "to establish `cause' for
 

failure to raise a claim in a prior petition, one must show that

some external impediment, such as government interference or the

reasonable unavailability of the factual and legal basis for a

claim prevented it from being raised earlier." Id. 
 

 -10-
 10

 Here, Whittemore has failed to establish cause for his

failure to raise his claims in the first petition. The factual

and legal basis for Whittemore's 2255 petition is that the key

prosecution witness at his trial gave false testimony, causing

him to be convicted, and that a key witness at his sentencing

hearing also gave false testimony, causing him to receive a

longer term of imprisonment. Whittemore has not shown the

"reasonable unavailability of the factual and legal basis" for

his claim. Nor has Whittemore shown some other "external

impediment" for his failure to raise the claim. Whittemore's

basic claim is that his sentence should be vacated because two

key prosecution witnesses lied. This is a straightforward claim

which he could have presented at the time of his first petition,

even though he did not have the funds to hire counsel and even

though he was unfamiliar with the law. 

 The Supreme Court held in McCleskey that a petitioner's
 

explanation for failing to raise a claim in an earlier petition

must be based on some "objective factor external to the defense."

McCleskey, 111 S.Ct. at 1470. The reasons Whittemore advances
 

for failing to raise his claim in the first petition are not

based on any objective factor external to his defense. We

therefore cannot rationally conclude that Whittemore's ability to

 -11-
 11

raise his claim in the earlier petition was somehow impeded by

the fact that he was acting pro se at the time. 
 

 For the foregoing reasons, we will affirm the order of

the district court dismissing Whittemore's second petition under

28 U.S.C. 2255. 

 -12-
 12