May 19, 1993

[NOT FOR PUBLICATION]

____________________

No. 92-2329 

RICHARD A. NAZZARO,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, 
U.S. District Judge
]

____________________

Before

 Breyer, 
Chief Judge
,

Torruella and Cyr, 
Circuit Judges
.

____________________

Richard A. Nazzaro
 on brief pro se.

A. John Pappalardo
, United States Attorney, and 
Alexandra Leake
, Assistant United States Attorney, on brief for appellee.

____________________

____________________

Per Curiam
I
.

United States
 v. 
Nazzaro
, 889 F.2d 1158, 1161, 1165 (1st Cir. 1989).

Id.
 at 1166-68.

About two months later in March 1990, petitioner, now pro se, filed a second Rule 35 motion. He argued that his family required his presence and support, that he had served his country in the army, that he had received commendations from work and that his conduct at prison was exemplary. He also suggested that his sentence was excessive and not in line with the Sentencing Guidelines. The court denied this motion on June 13, 1990.

Petitioner also asserts that his due process rights were violated when the prosecutor asked the defense witnesses about their knowledge concerning petitioner's temporary suspension from his job as a result of an alleged fraudulent insurance claim. Petitioner avers that the insurance claim issue was irrelevant, erroneous and misleading. The repeated use of this improper character evidence by the prosecutor, petitioner states, directly resulted in the finding of his guilt. Thus, he concludes that the prosecutor's actions cannot be characterized as harmless error.

Petitioner's second and third grounds for relief are that he was denied effective assistance of counsel at trial and on appeal. First, he asserts that it was "common knowledge" at trial that counsel had Lyme's disease for which he was being treated. The treatment included the use of antihistamines which, according to petitioner, can induce side effects such as cognitive dysfunction, memory loss and drowsiness. This, he maintains, affected his attorney's performance. Second, petitioner alleges that his trial counsel "carelessly" allowed the prosecutor to ask each defense witness about the "misleading" insurance issue. Finally, petitioner asserts that trial counsel failed in his general duty to make sure that evidence of petitioner's good character was presented to the jury. As for appellate counsel, petitioner charges that he, too, provided constitutionally defective assistance when he failed to file a timely motion for a new trial.

II
.

Rule 9 of the Rules Governing Proceedings in the United States District Courts under Section 2255 provides:

 
(b) 
Successive motions
.
 A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.

In 
McCleskey
 v. 
Zant
, 111 S. Ct. 1454 (1991), the Supreme Court held that in cases of "abuse of the writ," courts should use the cause-and-prejudice standard that applies to cases of procedural default, 
see
 
Wainwright
 v. 
Sykes
, 433 U.S. 72 (1977). Thus, once the government satisfies its burden by first pleading the existence of abuse of the writ, as it did here, the burden shifts to petitioner to establish cause for failing to raise in earlier habeas petitions the grounds presented in the subsequent petition and prejudice therefrom. 
See
 
id.
 at 1470. To show cause, petitioner must demonstrate that some "external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented [him] from raising the claim." 
Id.
 at 1472.

McCleskey
.

Although superficially appealing, the above fails to establish "cause" within the meaning of 
McCleskey
. In 
McCleskey
, the district court determined that the petitioner had not abused the writ when he filed his second federal habeas petition. The court relied on the fact that, at the time the petitioner had filed his first federal petition, he had been unaware of the existence of a signed statement by an individual who was in the jail cell next to petitioner's. 
McCleskey
Also, the district court found that the petitioner was unaware, at the time of the first habeas petition, of the identity of one of the jail officials. 
Id.
 This individual, at the hearing on the second habeas petition, testified that the witness may have intentionally been placed in the jail cell next to petitioner's.

The Supreme Court held:

That [petitioner] did not possess or could not reasonably have obtained certain evidence fails to establish cause if other known or discoverable evidence could have supported the claim in any event. "[C]ause . . . requires a showing of some external impediment 
preventing
 counsel from constructing or raising a claim."

Id.
 at 1472 (citation omitted).

at trial
, he had specifically "made it known to his attorney that the issue of the insurance claim was depicted incorrectly and damaging [sic]." Since the time of trial, then, petitioner knew that the insurance fraud claim was, at least in his eyes, untrue. As such, there was 
no

See
 
i
d.
 at 1472.

The only inquiry left is whether petitioner has shown that a "fundamental miscarriage of justice" would result if his present claims are not entertained. 
See
 
id.
 at 1470. The 
McCleskey
 Court emphasized that this standard applies only to a "narrow class of cases" in which "a constitutional violation probably has caused the conviction of one innocent of the crime." 
Id.
 Petitioner must make a "`colorable showing of factual innocence'" to meet this test. 
See
 
i
d.
 at 1471 (quoting 
Kuhlmann
 v. 
Wilson
, 477 U.S. 436, 454 (1986)).

Although petitioner does not directly address this question, he generally argues that the use by the prosecutor of the alleged insurance fraud issue was "prejudicial and devastating." Further, petitioner suggests that when the government pursued Count One at trial, it was aware that the charge was time-barred. By nonetheless presenting evidence concerning the 1979 examination, the government "deliberately deceived the court and jury. . . ." It did so, according to petitioner, because "this illegal charge was the only hope of prejudicing the jury to find [petitioner] guilty." Without Count One, petitioner asserts, the government had no case and would have been forced to drop the other charges.

This is insufficient to satisfy the miscarriage of justice standard. Petitioner's claims that without Count One, there would have been no case and that, in any event, he would have been found not guilty, are allegations which are conclusory in nature. Petitioner's characterizations and opinion of the government's case do not come close to a "colorable showing of factual innocence." Indeed, petitioner has not made, on direct appeal or in any of his motions, a sufficiency of the evidence claim. 
See
 
Andiarena
 v. 
United States
, 967 F.2d 715, 719 (1st Cir. 1992) (per curiam). In the absence of more factual specificity, we cannot say that the ends of justice were not served.

For the foregoing reasons, we 
affirm