USCA1 Opinion

 

 May 19, 1993 [NOT FOR PUBLICATION] ____________________ No. 92-2329 RICHARD A. NAZZARO, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Richard A. Nazzaro on brief pro se. __________________ A. John Pappalardo, United States Attorney, and Alexandra Leake, __________________ ________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Petitioner Richard A. Nazzaro, a ___________ former police officer with the Metropolitan District Commission (MDC), appeals from the denial of his third petition under 28 U.S.C. 2255 to vacate his sentence. We affirm. I. _ Petitioner was convicted in 1988 of two counts of conspiracy to commit mail fraud, 18 U.S.C. 371, and two counts of perjury, 18 U.S.C. 1623. The conspiracy charges concerned the alleged illegal purchase by petitioner and others of copies of two civil service promotion exams -- a 1979 exam for the position of sergeant and a 1983 lieutenant's exam. Counts three and four charged that petitioner had given false grand jury testimony in 1986 relating to these two exams. On his direct appeal, we considered two issues -- were the conspiracy counts time- barred and were petitioner's allegedly false statements to the grand jury material to its inquiry. We affirmed the judgment except as to the first count relating to the 1979 exam; we determined that prosecution of this count was time- barred. United States v. Nazzaro, 889 F.2d 1158, 1161, 1165 _____________ _______ (1st Cir. 1989). We also rejected three other issues with little discussion: (1) whether the jury instructions concerning the perjury counts were erroneous; (2) whether the district court had abused its discretion in not acceding to petitioner's request that the court conduct individual voir dire to determine whether the unsequestered jurors had been exposed to a newspaper article about a different police department and different crimes; and (3) whether the district court erred in not admitting in evidence petitioner's resume and other "anecdotal" proof of commendations he had received. Id. at 1166-68. ___ On January 18, 1990, petitioner, represented by counsel, filed his first 2255 petition. In it, he contended that the testimony of "numerous witnesses" at his trial had related only to Count One -- the 1979 instance of mail fraud. Because we held, on appeal, that Count One was time-barred, petitioner claimed that the jury could not have made an impartial decision concerning the remaining counts. At the same time, counsel filed a motion for reduction of sentence under Fed. R. Crim. P. 35. In addition to the claim raised in the 2255 petition, petitioner argued that his sentence was excessive. He based his argument on the present overcrowding in federal prisons and his past service to the community. These motions were denied on January 22, 1990. About two months later in March 1990, petitioner, now pro se, filed a second Rule 35 motion. He argued that his family required his presence and support, that he had served his country in the army, that he had received commendations from work and that his conduct at prison was exemplary. He also suggested that his sentence was excessive -3- and not in line with the Sentencing Guidelines. The court denied this motion on June 13, 1990. Petitioner's second 2255 motion was filed on the same day and raised three grounds for relief: (1) petitioner had had insufficient time to review the Presentence Report (PSI) in violation of Fed. R. Crim. P. 32 and had signed it "under protest"; (2) his four-year sentence was excessive and violated "accepted" guidelines for sentencing; and (3) petitioner's due process rights had been violated because he was indicted only for perjury concerning testimony before the grand jury in 1986 when he had been asked the same questions and had given the same answers before a second grand jury in 1988. After briefing by both sides, the district court denied the 2255 motion on January 23, 1992. It held that a review of the sentencing hearing revealed that petitioner had had an adequate opportunity to object to the PSI. Next, the court addressed petitioner's statement, written above his signature on the PSI, that he disagreed with some of the government's comments which, he claimed, had never been before the district court. The court ruled that this was not a sufficiently particular charge that required the sentencing judge to make specific findings concerning disputed factual allegations. As for his sentence, the court pointed out that -4- it was within the limits set by law. Finally, the court concluded that petitioner's due process claim was meritless. This brings us to the present 2255 motion, filed on February 6, 1992 -- approximately two weeks after the dismissal of the second petition. In this motion, petitioner claims that the district court violated his due process rights when it did not alter his sentence after we reversed his conviction on Count One. He claims that testimony concerning this count "permeated" the entire trial and that sentencing was "heavily weighted" towards the conduct charged in Count One. He acknowledges, however, that as the sentences were to run concurrently, the court did not necessarily have to change the length of his sentence. Yet, he maintains, the stigma still remains. Petitioner also asserts that his due process rights were violated when the prosecutor asked the defense witnesses about their knowledge concerning petitioner's temporary suspension from his job as a result of an alleged fraudulent insurance claim. Petitioner avers that the insurance claim issue was irrelevant, erroneous and misleading. The repeated use of this improper character evidence by the prosecutor, petitioner states, directly resulted in the finding of his guilt. Thus, he concludes that the prosecutor's actions cannot be characterized as harmless error. -5- Petitioner's second and third grounds for relief are that he was denied effective assistance of counsel at trial and on appeal. First, he asserts that it was "common knowledge" at trial that counsel had Lyme's disease for which he was being treated. The treatment included the use of antihistamines which, according to petitioner, can induce side effects such as cognitive dysfunction, memory loss and drowsiness. This, he maintains, affected his attorney's performance. Second, petitioner alleges that his trial counsel "carelessly" allowed the prosecutor to ask each defense witness about the "misleading" insurance issue. Finally, petitioner asserts that trial counsel failed in his general duty to make sure that evidence of petitioner's good character was presented to the jury. As for appellate counsel, petitioner charges that he, too, provided constitutionally defective assistance when he failed to file a timely motion for a new trial. The government filed a response in which it argued that appellant had abused the writ. The district court, in a short order, dismissed petitioner's 2255 motion. This appeal ensued. II. __ Rule 9 of the Rules Governing Proceedings in the United States District Courts under Section 2255 provides: (b) Successive motions. A second or (b) Successive motions. ___________________ successive motion may be dismissed if the -6- judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules. In McCleskey v. Zant, 111 S. Ct. 1454 (1991), the _________ ____ Supreme Court held that in cases of "abuse of the writ," courts should use the cause-and-prejudice standard that applies to cases of procedural default, see Wainwright v. ___ __________ Sykes, 433 U.S. 72 (1977). Thus, once the government _____ satisfies its burden by first pleading the existence of abuse of the writ, as it did here, the burden shifts to petitioner to establish cause for failing to raise in earlier habeas petitions the grounds presented in the subsequent petition and prejudice therefrom. See id. at 1470. To show cause, ___ ___ petitioner must demonstrate that some "external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented [him] from raising the claim." Id. at 1472. ___ It is plain that petitioner's first ground for relief -- that the district court should have changed his sentence after this court reversed petitioner's conviction on Count One -- was available to appellant after we issued our opinion in 1989. Petitioner offers no reason why he could not have pursued this claim in one of his earlier 2255 -7- motions. Thus, he has not established the requisite "cause" under McCleskey. _________ The same can be said for the claim that trial counsel provided inadequate assistance due to his treatment for Lyme's disease and that appellate counsel's performance was deficient when he failed to make a timely motion for a new trial. As for the first allegation, petitioner candidly admits in his 2255 motion that trial counsel's medical treatment was known at the time of trial. In relation to the actions of his appellate counsel, petitioner fails to give any indication that he was unaware of the alleged failure to file a new trial motion. Thus, we do not perceive any reasons why these issues could not have been raised in the previous 2255 motions. This leaves petitioner's claim that trial counsel's performance was inadequate because he did not object to the questions concerning the allegedly false insurance claim. On appeal, petitioner argues that he, in fact, based the present 2255 motion on "new evidence." This evidence is the order of the Boston Municipal Court, dated November 6, 1991, reversing the decision of the MDC to suspend petitioner. The court found that the MDC's action was taken without the proper procedure and in excess of its statutory authority. The Suffolk Superior Court affirmed on August 25, 1992. -8- Petitioner essentially claims that this information was previously unavailable to him. Although superficially appealing, the above fails to establish "cause" within the meaning of McCleskey. In _________ McCleskey, the district court determined that the petitioner _________ had not abused the writ when he filed his second federal habeas petition. The court relied on the fact that, at the time the petitioner had filed his first federal petition, he had been unaware of the existence of a signed statement by an individual who was in the jail cell next to petitioner's. McCleskey, 111 S. Ct. at 1460. This statement, which _________ recounted pretrial jailhouse conversations, had been given to the police before petitioner's trial but released to petitioner only one month prior to the filing of his second habeas petition. This individual had testified for the prosecution at petitioner's trial; he stated that petitioner had told him that he (petitioner) had committed the crime. Also, the district court found that the petitioner was unaware, at the time of the first habeas petition, of the identity of one of the jail officials. Id. This individual, ___ at the hearing on the second habeas petition, testified that the witness may have intentionally been placed in the jail cell next to petitioner's. The Supreme Court held: That [petitioner] did not possess or could not reasonably have obtained -9- certain evidence fails to establish cause if other known or discoverable evidence could have supported the claim in any event. "[C]ause . . . requires a showing of some external impediment preventing __________ counsel from constructing or raising a claim." Id. at 1472 (citation omitted). ___ Here petitioner possessed "a sufficient basis" to allege the claim concerning the insurance matter in either of the prior 2255 motions. This is highlighted by petitioner himself when he points out, in the present 2255 motion, that, at trial, he had specifically "made it known to his ________ attorney that the issue of the insurance claim was depicted incorrectly and damaging [sic]." Since the time of trial, then, petitioner knew that the insurance fraud claim was, at least in his eyes, untrue. As such, there was no impediment __ to the presentation of the claim; the state court decisions are more properly characterized as "evidence discovered later [which] might also have supported or strengthened the claim." See id. at 1472. ___ ___ The only inquiry left is whether petitioner has shown that a "fundamental miscarriage of justice" would result if his present claims are not entertained. See id. at ___ ___ 1470. The McCleskey Court emphasized that this standard _________ applies only to a "narrow class of cases" in which "a constitutional violation probably has caused the conviction of one innocent of the crime." Id. Petitioner must make a ___ -10- "`colorable showing of factual innocence'" to meet this test. See id. at 1471 (quoting Kuhlmann v. Wilson, 477 U.S. 436, ___ ___ ________ ______ 454 (1986)). Although petitioner does not directly address this question, he generally argues that the use by the prosecutor of the alleged insurance fraud issue was "prejudicial and devastating." Further, petitioner suggests that when the government pursued Count One at trial, it was aware that the charge was time-barred. By nonetheless presenting evidence concerning the 1979 examination, the government "deliberately deceived the court and jury. . . ." It did so, according to petitioner, because "this illegal charge was the only hope of prejudicing the jury to find [petitioner] guilty." Without Count One, petitioner asserts, the government had no case and would have been forced to drop the other charges. This is insufficient to satisfy the miscarriage of justice standard. Petitioner's claims that without Count One, there would have been no case and that, in any event, he would have been found not guilty, are allegations which are conclusory in nature. Petitioner's characterizations and opinion of the government's case do not come close to a "colorable showing of factual innocence." Indeed, petitioner has not made, on direct appeal or in any of his motions, a sufficiency of the evidence claim. See Andiarena v. United ___ _________ ______ States, 967 F.2d 715, 719 (1st Cir. 1992) (per curiam). In ______ -11- the absence of more factual specificity, we cannot say that the ends of justice were not served. For the foregoing reasons, we affirm the district ______ court's decision to dismiss petitioner's third petition under 2255. -12-