7 F.3d 218
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Oscar ANDIARENA, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-1167.
 United States Court of Appeals,
First Circuit.
 September 23, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE
 Oscar Andiarena on brief pro se.
 Jay P. McCloskey, United States Attorney, and Michael M. DuBose, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Oscar Andiarena was convicted in 1985 of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. See United States v. Andiarena, 823 F.2d 673 (1st Cir. 1987) (affirming conviction on direct appeal). He thereafter filed two petitions under 28 U.S.C. § 2255 to vacate his conviction, each of which was denied. See Andiarena v. United States, 940 F.2d 646 (1st Cir. 1991) (per curiam) (table) (affirming denial on merits); Andiarena v. United States, 967 F.2d 715 (1st Cir. 1992) (per curiam) (affirming denial as abuse of writ). Andiarena now appeals from the denial of his third § 2255 petition, in which he alleged that the district court lacked jurisdiction over the underlying criminal offense. Because the district court disposed of the instant petition on the merits (rather than on abuse of the writ grounds), we shall do likewise.
 
 
 2
 Petitioner advances two arguments in this regard, both of which prove frivolous. He first contends that federal district courts are without jurisdiction to entertain prosecutions brought under 21 U.S.C. § 846 because that statutory provision contains no such grant of jurisdiction. This argument ignores the fact that district courts have original jurisdiction over offenses against the United States under 18 U.S.C. § 3231. Second, petitioner inventively suggests that Title 21 was never officially enacted into law. In support, he notes that Title 21 has yet to be included in the ongoing effort to revise and codify the Code's various titles so as to make them official statements (rather than simply prima facie evidence) of the federal laws. See Preface to U.S.C. (1982). This argument ignores the fact that 21 U.S.C. § 846 was enacted into law on October 27, 1970 by Pub. L. No. 91-513, Tit. II, § 406, 84 Stat. 1265. For these reasons, the district court was plainly justified in denying the petition on its face without a hearing. See, e.g., Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984) (per curiam).
 
 
 3
 Affirmed.