USCA1 Opinion

 

 September 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1167 OSCAR ANDIARENA, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Oscar Andiarena on brief pro se. _______________ Jay P. McCloskey, United States Attorney, and Michael M. DuBose, ________________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Oscar Andiarena was convicted in 1985 of __________ conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. 846. See United States v. ___ ______________ Andiarena, 823 F.2d 673 (1st Cir. 1987) (affirming conviction _________ on direct appeal). He thereafter filed two petitions under 28 U.S.C. 2255 to vacate his conviction, each of which was denied. See Andiarena v. United States, 940 F.2d 646 (1st ___ _________ _____________ Cir. 1991) (per curiam) (table) (affirming denial on merits); Andiarena v. United States, 967 F.2d 715 (1st Cir. 1992) (per _________ _____________ curiam) (affirming denial as abuse of writ). Andiarena now appeals from the denial of his third 2255 petition, in which he alleged that the district court lacked jurisdiction over the underlying criminal offense. Because the district court disposed of the instant petition on the merits (rather than on abuse of the writ grounds), we shall do likewise. Petitioner advances two arguments in this regard, both of which prove frivolous. He first contends that federal district courts are without jurisdiction to entertain prosecutions brought under 21 U.S.C. 846 because that statutory provision contains no such grant of jurisdiction. This argument ignores the fact that district courts have original jurisdiction over offenses against the United States under 18 U.S.C. 3231. Second, petitioner inventively suggests that Title 21 was never officially enacted into law. In support, he notes that Title 21 has yet to be included in the ongoing effort to revise and codify the Code's various titles so as to make them official statements (rather than simply prima facie evidence) of the federal laws. See ___ Preface to U.S.C. (1982). This argument ignores the fact that 21 U.S.C. 846 was enacted into law on October 27, 1970 by Pub. L. No. 91-513, Tit. II, 406, 84 Stat. 1265. For these reasons, the district court was plainly justified in denying the petition on its face without a hearing. See, ___ e.g., Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. ____ _______ ______________ 1984) (per curiam). Affirmed. _________ -3-