USCA1 Opinion

 

 November 17, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1397 ANA MARIA LOPEZ DEL RIO, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Ana Maria Lopez Del Rio on brief pro se. _______________________ Jay P. McCloskey, United States Attorney, F. Mark Terison, __________________ _________________ Assistant United States Attorney, and Margaret D. McGaughey, Assistant _____________________ United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Ana Maria Lopez Del Rio appeals the ___________ dismissal of her second pro se motion to vacate, set aside, ___ __ or correct her sentence under 28 U.S.C. 2255. The motion was denied as an abuse of the writ. We affirm. I. _ Del Rio pleaded guilty to possessing, distributing and conspiring to possess and distribute cocaine in violation of 21 U.S.C. 841 and 846 and was sentenced to 132 months imprisonment. Her appeal of that sentence raised only one ground for review: that the district court incorrectly found her to be a "leader" under U.S.S.G. 3B1.1(a) and erroneously enhanced her offense level accordingly. We affirmed the sentence, United States v. Ana Maria Lopez Del _____________ ____________________ Rio, No. 91-1442 (1st Cir. Nov. 14, 1991), and Del Rio then ___ filed her first 2255 motion. It alleged two grounds for relief. First, she argued that the district court misapplied U.S.S.G. 1B1.3(a)(2) in deciding that the scope of the conspiracy included the drug transactions and quantities set out in the presentence report as well as the testimony at the trial of Del Rio's co-conspirator and brother, Andre Lopez Polanco. Second, Del Rio contended that there was insufficient evidence to support a conclusion that she was a leader under U.S.S.G. 3B1.1(a). The district court summarily denied the motion and no appeal was taken. In this, her second motion to vacate sentence under 2255, Del Rio asserts one ground for relief: Whether the district court erred by adopting the presentence report based on the relevant conduct section of the sentencing guidelines. In a supporting memorandum, Del Rio argued that the November 1, 1992 amendments to 1B1.3 clarified the relevant conduct guideline, and that, accordingly, the district court improperly based her sentence on drug transactions and quantities that she could not reasonably have foreseen within the conspiracy. The government's response claiming, inter alia, _____ ____ abuse of the writ under the teaching of McCleskey v. Zant, _________ ____ 111 S. Ct. 1454, 1468 (1991), outlined Del Rio's prior writ history and argued that the single issue raised in the second motion, to the extent that it differed from ground one in the first 2255 motion, could not be raised now without a showing of "cause" for having failed to raise the present claim earlier. Id. The government contended that cause ___ could not be shown because the current "relevant conduct" claim was simply a restatement of the claim raised in the first motion disputing the amount of cocaine involved in the conspiracy. The district court summarily denied the motion as an abuse of the writ. Del Rio's subsequently-filed reply to the government's response did not address the abuse of the writ charge. This appeal ensued. -3- II. __ Del Rio's second motion to vacate sentence was properly dismissed under Rule 9 of the Rules Governing 2255 proceedings. Rule 9(b), consistent with the language of 2255 ("The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."), provides that successive 2255 motions may be dismissed "for abuse of the procedure." While Rule 9(b) does not define "abuse", under the abuse of the writ doctrine, see McCleskey, 111 S. Ct. at 1467-71, ___ _________ petitioners invoking either 28 U.S.C. 2254 or 2255 will be excused from failing to raise an issue earlier only by showing "cause for failing to raise it and prejudice therefrom" or that a fundamental miscarriage of justice would otherwise result. McCleskey, 111 S. Ct. at 1470; Andiarena _________ _________ v. United States, 967 F.2d 715, 717 (1st Cir. 1992); United _____________ ______ States v. Flores, 981 F.2d 231, 234 (5th Cir. 1993). ______ ______ Here, the government adequately pleaded abuse of the writ in response to Del Rio's second motion. Andiarena, _________ 967 F.2d at 716. Since Del Rio's first 2255 motion was not decided on the merits, she must disprove abuse by showing that "some external impediment, such as government interference or the reasonable unavailability of the factual -4- or legal basis for a claim, prevented it from being raised earlier." Id. at 718. Del Rio has failed to make such a ___ showing. The only new assertion in support of her claim that the court held her accountable for conduct that was not "reasonably foreseeable" by her --- that Guideline Amendment 439 "clarified" the relevant conduct guideline, 1B1.3, and reduced her sentencing range exposure --- is unavailing to show "cause." The amendment, which came into effect on November 1, 1992, eighteen months after sentencing, is not retroactive in operation. U.S.S.G. 1B1.10. Thus, whether or not the amendment has the effect Del Rio contends, a question we need not decide, it is not a "retroactive change in the law . . . represent[ing an] acceptable excuse[ ] for failing to raise the claim earlier." McCleskey, 111 S. Ct. _________ at 1467. Thus, Del Rio not only has failed to show cause for her previous failure to raise the issue, she has shown neither prejudice nor a miscarriage of justice since the amendment on which her claim depends was, and remains, inapplicable. Because of the "threshold nature of the abuse of the writ inquiry," id. at 1471, we also need not consider __ whether the claim at issue here had been procedurally defaulted at some earlier stage of the proceedings.1 ____________________ 1. Although Del Rio was then represented by counsel, she failed to raise a relevant conduct sentencing guideline challenge on direct appeal. Generally, waiver of a 2255 -5- Obviously, if a successive motion under 2255 was found not an abuse of procedure, Rule 9(b), 28 U.S.C. foll. 2255, it would then be necessary to consider whether the petition suffers from other procedural defects. McCleskey, 111 S. Ct. _________ at 1466. III. ___ In conclusion, even if we were to reach the merits of Del Rio's claim, we would find no error in the sentencing court's application of the relevant conduct guidelines in effect at the time of sentencing. The district court properly determined, as a matter of law, that the motion constituted an abuse of the writ. Affirmed. ________ ____________________ claim on direct appeal is excused by a showing of cause and actual prejudice. See Campino v. United States, 968 F.2d ___ _______ ______________ 187, 190 (2d Cir. 1992); United States v. Biberfeld, 957 F.2d _____________ _________ 98, 104 (3d Cir. 1992). While we need not decide the issue, we note that Del Rio has not alleged that her attorney's failure to raise the issue on appeal constituted ineffective assistance of counsel. -6-