USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-2322 ANGEL RODRIGUEZ, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Lynch, Circuit Judge. _____________ ____________________ Angel Rodriguez on brief pro se. _______________ Donald K. Stern, United States Attorney, and Richard L. Hoffman, _______________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ December 12, 1997 ____________________ Per Curiam. Appellant Angel Rodriguez appeals from __________ the denial of his motion filed under 28 U.S.C. 2255. For the following reasons, we agree with the district court that the motion was meritless. 1. Appellant's claim that the forfeiture of his property was excessive under the Eighth Amendment is not cognizable in a 2255 proceeding since appellant seeks only relief from a monetary-type penalty and not release from confinement. See Smullen v. United States, 94 F.3d 20, 25 ___ _______ _____________ (1st Cir. 1996) (holding that a claim that defendant is entitled to a reduced restitution order falls outside the scope of 2255). 2. Appellant's argument that the forfeiture violates the prohibition against double jeopardy fails for the simple reason that the forfeiture was imposed in the same ____ proceeding that resulted in appellant's conviction. Compare __________ _______ Department of Revenue v. Kurth Ranch, 511 U.S. 767, 784 ______________________ ___________ (1994) (the collection of a tax on dangerous drugs sought in a separate proceeding initiated subsequently to the ________ ____________ termination of the proceeding in which defendants were convicted violates the prohibition against double jeopardy; a second punishment "must be imposed during the first prosecution or not at all"). 3. Appellant's claims regarding the alleged ineffective assistance rendered by his trial counsel were not -2- presented to the district court in the 2255 motion. We therefore will not consider them for the first time on appeal. See Dziurgot v. Luther, 897 F.2d 1222, 1224 (1st ___ ________ ______ Cir. 1990) (per curiam). Appellant's ignorance of the law does not provide an excuse for this default. See Eagle Eye ___ _________ Fishing Corp. v. United States Dep't of Commerce, 20 F.3d _____________ _________________________________ 503, 506 (1st Cir. 1994) ("the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law") (internal quotation marks and citations omitted). 4. In any event, appellant's failure to assert all but one of his claims in his first 2255 motion is an abuse of the writ under McCleskey v. Zant, 499 U.S. 467 (1991). _________ ____ Again, appellant's pro se status and ignorance of the law does not constitute "cause" sufficient to excuse this omission. See, e.g., Saahir v. Collins, 956 F.2d 115, 118 ___ ____ ______ _______ (5th Cir. 1992) (ignorance of the law is not an objective external impediment); Rodriguez v. Maynard, 948 F.2d 684, _________ _______ 687-88 (10th Cir. 1991) (where the factual and legal bases for the new claims existed when the first habeas petition was filed, petitioner's ignorance of the legal significance of those claims does not amount to cause). Nor, obviously, would failure to consider these claims on appeal amount to a fundamental miscarriage of justice. See Andiarena v. United ___ _________ ______ States, 967 F.2d 715, 719 (1st Cir. 1992) (per curiam) (this ______ -3- narrow exception applies only where a constitutional violationlikely caused the conviction of an innocent person). The one claim that appellant did present in the first 2255 motion -- the government's alleged sentencing entrapment and counsel's alleged ineffective assistance in connection therewith -- cannot be raised again because the district court disposed of it on the merits in that first  2255 proceeding. See Rule 9(b) of the Rules Governing ___ Section 2255 Cases ("[a] second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits"). 5. It follows that the district court did not abuse its discretion in not holding a hearing on appellant's forfeiture claims. See United States v. McGill, 11 F.3d 223, ___ _____________ ______ 225-26 (1st Cir. 1993).  The judgment of the district court is affirmed. ________ -4-