USCA1 Opinion

 

 February 19, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1291 ROBERT A. WHITTEMORE, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Higginbotham,* Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ David M. Sanders for appellant. ________________ F. Mark Terison, Assistant United States Attorney, with whom _______________ Richard S. Cohen, United States Attorney, and James M. McCarthy, ________________ _________________ Assistant United States Attorney, were on brief for appellee. ____________________ ____________________ _____________________ *Of the Third Circuit, sitting by designation. Higginbotham, Senior Circuit Judge. Petitioner, Robert ____________________ A. Whittemore, appeals from the denial of his second petition under 28 U.S.C. 2255 to set aside, vacate or correct his sentence. The district court dismissed the petition as an "abuse of the writ". We affirm. I. In June 1988, Whittemore was convicted of one count of conspiracy to possess with intent to distribute cocaine, and two counts of knowingly and intentionally distributing a quantity of cocaine. At trial the prosecution showed that Whittemore sold Tyrone Gray, a government informant, an ounce of cocaine for $1,500 on one occasion, and two kilograms worth $72,000 on another occasion. The prosecution also showed that Whittemore conspired with Gray and a woman named Lisa Obremski to obtain cocaine in Florida and distribute it in Maine. Following his conviction, Whittemore entered into a cooperation agreement with the government in which he waived the right of direct appeal of his conviction. The government in turn gave Whittemore "use immunity" for his cooperative statements and agreed to notify the sentencing court of the extent of Whittemore's cooperation. Thereafter, in August 1988, Whittemore was sentenced to imprisonment for 15 years on all three counts, to be served concurrently, and 10 years of supervised release on the two counts of distribution, to run concurrently. On April 25, 1991, Whittemore wrote to the district court, requesting the court to issue an order stating that his sentence was subject to parole. The court treated the letter as a motion to correct a sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. The court held that the charges under which Whittemore was convicted were subject to the Anti- Drug Abuse Act of 1986 and therefore did not permit parole. On August 19, 1991, Whittemore filed pro se his first ___ __ 2255 petition. In this first petition, Whittemore again raised the issue of whether he was appropriately precluded from consideration for parole by the provisions of the Anti-Drug Abuse Act of 1986. On October 17, 1991, the district court once more found that Whittemore's conviction was clearly subject to the non-parolable provisions of the Anti-Drug Abuse Act and denied his petition without an evidentiary hearing. On November 12, 1991, Whittemore filed, again pro se, a ___ __ second 2255 petition. This time, Whittemore raised three issues as grounds to vacate or correct his sentence. First, Whittemore claimed that Tyrone Gray gave false testimony for the prosecution at Whittemore's trial, thereby causing him to be convicted. Second, he claimed that Lisa Obremski gave false -3- 3 testimony at his sentencing hearing, thereby causing the sentencing judge to impose a longer term of imprisonment. Finally, Whittemore claimed that he was entitled to credit against his sentence for time served prior to his conviction. On December 3, 1991, the government moved to dismiss Whittemore's second petition on the ground, among other things, that Whittemore alleged claims in the petition which he could have asserted in the earlier petition. On December 7, 1991, Whittemore responded to the government's motion. In a letter to the court, Whittemore explained why his second petition should not be dismissed. Whittemore wrote in part: I did not know that when I filed my first motion I should have put these other points in as well. My first motion was done by a friend that worked in the law library. Had I understood this their [sic] are some other points I would have made on this last one. On January 15, 1992, the district court denied Whittemore's second petition without an evidentiary hearing. The court found that the government had carried its burden of showing that Whittemore had abused the writ of habeas corpus. The court also determined that Whittemore had failed to show that failure to entertain his second petition would result in a miscarriage of justice. As to Whittemore's claim that he was entitled to credit for time served prior to his conviction, the court concluded that Whittemore had not exhausted his administrative remedies by -4- 4 failing to pursue his claim with the Bureau of Prisons. In any event, the court reasoned, even if Whittemore had exhausted his administrative remedies, he would not be entitled to credit for time served because he was out on bail and not incarcerated prior to his conviction. On appeal, Whittemore, now represented by counsel, has abandoned his claim that he is entitled to credit against his sentence for time served prior to conviction. Whittemore also does not challenge on appeal the court's finding that no fundamental miscarriage of justice would result from a failure to entertain the claims in the second 2255 petition.1 Instead, Whittemore presents three main arguments: 1) that the district court erred in not giving him notice that his second petition was subject to dismissal for abuse of the writ; 2) that the abuse of the writ standard is inapplicable because his first pro se ___ __ petition "was filed out of ignorance" and, therefore "had no ____________________ 1In responding to the district court's finding that no miscarriage of justice would result from denying his second petition, Whittemore writes in his brief on appeal: "It is not Mr. Whittemore's purpose within the context of this appeal to challenge the district court `miscarriage of justice' analysis." Appellant's Brief at 8-9. Accordingly, we need not address in detail the court's miscarriage of justice analysis. It suffices to say that we would agree with the district court's conclusion that, under McCleskey _________ v. Zant, 111 S.Ct. 1454 (1991), no miscarriage of justice _______ would result from the denial of Whittemore's second petition. -5- 5 substantive meaning"; and 3) that, even if the abuse of the writ analysis is applicable to the second petition, he did satisfy the burden to show cause for his failure to raise his claims in the earlier 2255 petition. II. The district court correctly determined that the question of whether a petitioner has abused the writ of habeas corpus is governed by McCleskey v. Zant, 111 S.Ct. 1454 (1991). _________________ In McCleskey, the Supreme Court held that "a petitioner can abuse _________ the writ by raising a claim in a subsequent petition that he could have raised in the first, regardless of whether the failure to raise it earlier stemmed from deliberate choice." Id., 111 ___ S.Ct. at 1468. The burden is on the government to first plead abuse of the writ. Id. at 1470. The government satisfies this ___ burden "if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ." Id. ___ The burden to disprove abuse of the writ then becomes petitioner's. Id. In order to satisfy this burden, petitioner ___ must show cause for failing to raise earlier the claim presented in the subsequent petition. Id. To show cause, petitioner must ___ -6- 6 show that some external impediment, such as governmental interference or the reasonable unavailability of the factual or legal basis for a claim, prevented the claim from being raised earlier. Id. at 1472. If petitioner cannot show cause "the ___ failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." Id. at 1470. ___ A. As a preliminary matter, Whittemore argues on appeal that the district court erred in not giving him notice that his second petition was subject to dismissal. Whittemore's argument goes as follows: Rule 9(b) of the Rules Governing Section 2255 Proceedings provides that a second or successive 2255 motion may be dismissed if the court finds that petitioner's failure to assert grounds in an earlier petition constituted abuse of process. Following Rule 9(b) in the appendix of forms is a model form to be used in 2255 petitions. This form "was clearly drafted for the benefit of the pro se litigant." The form is ___ __ designed to give the pro se petitioner specific notice that the ___ __ petition is subject to dismissal. Whittemore, at the time of the filing of his second 2255 petition, was a pro se litigant. The ___ __ district court never sent the Rule 9(b) form to Whittemore. -7- 7 Therefore, Whittemore argues, this court should reverse the district court's order dismissing his second petition. We find this argument unconvincing. The fact of the matter is Whittemore did have notice that his second petition was subject to dismissal. The form which he used to file the first 2255 petition contained the warning: "CAUTION: If you fail to set forth all ground[s] in this motion, you may be barred from presenting additional grounds at a later date." Furthermore, Whittemore actually responded to the government's motion to dismiss his second petition. In a letter to the court, he explained that at the time he filed his first petition he did not know that he was supposed to present all of his claims at once. Finally, we have never held in this circuit that failure to give specific notice to a petitioner is alone grounds to reverse the district court's dismissal of a 2255 petition for abuse of the writ, especially when, as here, the petitioner had actual notice that the petition was subject to dismissal. See McLaughlin v. ___ _____________ Gabriel, 726 F.2d 7, 10 (1st Cir. 1984) (pleading abuse of the _______ writ puts petitioner on notice to show cause why claim raised in subsequent petition was not brought in an earlier petition). B. Whittemore next argues that the McCleskey abuse of the _________ writ standard should not be applied to his second petition -8- 8 because his first petition "was filed out of ignorance" and, therefore "had no substantive meaning." As we understand Whittemore's argument, the first 2255 petition raised an issue which the court had already denied in Whittemore's Rule 35 motion; namely the issue of whether his sentence was subject to parole. The district court, in denying the first 2255 petition, did not rule on the merits of the claim, since that claim had already been decided in the Rule 35 motion. Therefore, Whittemore argues, for purposes of determining whether he has abused the writ, the first 2255 petition should not count, and the second petition should in effect be considered the first. Whittemore has not cited any case to support this rather ingenious proposition. In any event, the point of the doctrine of abuse of the writ, as explained in McCleskey, is not _________ what petitioner alleges in the first 2255 petition, but rather what petition does not allege in the first petition. McCleskey, ___ _________ 111 S.Ct. at 1470. Thus, it is not relevant that the claim Whittemore made in the first petition was one which had already been decided by the court. The point is that in bringing the first petition Whittemore was obligated to present all of the claims which he now raises in the second petition. C. -9- 9 Whittemore's remaining contention is that, even if the abuse of the writ analysis is applicable to his second petition, he did satisfy the burden to show cause for his failure to raise his claims in the earlier 2255 petition. Specifically Whittemore explains that the issues raised in the second 2255 motion were not raised in the first 2255 motion because he did not have the funds to hire an attorney, he was not represented by counsel at the time of both motions, and he was unfamiliar with the law. In Andiarena v. U.S., 967 F.2d 715 (1st Cir. 1992), we _________________ considered the pro se appeal of a petitioner from the denial of ___ __ his second 2255 petition by the district court. As an attempt to establish cause for failure to raise his claims in a prior petition, petitioner explained that at the time he filed his first petition he did not have access to the transcripts of his trial. We held petitioner's explanation insufficient to show cause. Andiarena, 967 F.2d at 718. We reasoned that under the _________ standard established in McCleskey, "to establish `cause' for _________ failure to raise a claim in a prior petition, one must show that some external impediment, such as government interference or the reasonable unavailability of the factual and legal basis for a claim prevented it from being raised earlier." Id. ___ -10- 10 Here, Whittemore has failed to establish cause for his failure to raise his claims in the first petition. The factual and legal basis for Whittemore's 2255 petition is that the key prosecution witness at his trial gave false testimony, causing him to be convicted, and that a key witness at his sentencing hearing also gave false testimony, causing him to receive a longer term of imprisonment. Whittemore has not shown the "reasonable unavailability of the factual and legal basis" for his claim. Nor has Whittemore shown some other "external impediment" for his failure to raise the claim. Whittemore's basic claim is that his sentence should be vacated because two key prosecution witnesses lied. This is a straightforward claim which he could have presented at the time of his first petition, even though he did not have the funds to hire counsel and even though he was unfamiliar with the law. The Supreme Court held in McCleskey that a petitioner's _________ explanation for failing to raise a claim in an earlier petition must be based on some "objective factor external to the defense." McCleskey, 111 S.Ct. at 1470. The reasons Whittemore advances _________ for failing to raise his claim in the first petition are not based on any objective factor external to his defense. We therefore cannot rationally conclude that Whittemore's ability to -11- 11 raise his claim in the earlier petition was somehow impeded by the fact that he was acting pro se at the time. ___ __ For the foregoing reasons, we will affirm the order of the district court dismissing Whittemore's second petition under 28 U.S.C. 2255. -12- 12