[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

No. 92-2113

 CHARLES MERRILL MOUNT,
 Plaintiff, Appellant,

 v.

 RYA ZOBEL,
 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS 
 

 [Hon. Joseph L. Tauro, U.S. District Judge]
 

 

Nos. 92-2127
 92-2128

 CHARLES MERRILL MOUNT,
 Plaintiff, Appellant,

 v.

 UNITED STATES OF AMERICA,
 Defendant, Appellee.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Rya W. Zobel, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

 Charles Merrill Mount on brief pro se.
 
 A. John Pappalardo, United States Attorney, and Suzanne E.
 
Durrell, Assistant United States Attorney, on Memorandum in
 
Support of Motion for Summary Disposition for appellee in No. 92-
2113.
 A. John Pappalardo, United States Attorney, and Tobin N.
 
Harvey, Assistant United States Attorney, on Memoranda in Support
 
of Motion for Summary Disposition for appellee in Nos. 92-2127
and 92-2128.

 

 June 8, 1993
 

 Per Curiam. Having reviewed the parties'
 

submissions and the district court records, we affirm the

judgment of dismissal in each of these three consolidated

appeals.

 In No. 92-2113, Mount seeks the return of cash ($18,400)

and property (135 "autograph letters") that were seized in

connection with his criminal prosecution. In the

alternative, he seeks damages for the "embezzlement" and

"misappropriation" of such property. The lower court

properly characterized each of these claims as frivolous.

Defendant (the district court judge who presided over the

criminal trial) is protected by absolute immunity as to any

claim for damages. See, e.g., Decker v. Hillsborough County
 

Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) (per
 

curiam). We rejected in a previous appeal Mount's effort to

regain possession of the currency. Mount v. United States,
 

No. 92-1576 (1st Cir. Mar. 16, 1993) (per curiam). And Fed.

R. Crim. P. 41(e) provides the proper avenue for his effort

to regain possession of the letters. The record discloses

that he filed such a motion for just that purpose on April

22, 1992, which the district court denied on January 14,

1993.

 -3-

 The remaining two appeals involve 28 U.S.C. 2255

petitions.1 In the first, Mount alleges that the trial

court's refusal to subpoena, and/or authorize payment of

travel expenses for, various witnesses in this country

deprived him of compulsory process guaranteed by the Sixth

Amendment. We rejected a nearly identical argument on direct

appeal. See United States v. Mount, 896 F.2d 612, 620-21
 

(1st Cir. 1990). Mount alleges that, whereas that earlier

argument involved foreign witnesses, his instant claim

involves domestic witnesses. Yet the only such witness here

identified (Barbara Johnson) not only was discussed in the

direct appeal but "eventually paid her own expenses and

testified at trial." Id. at 620. Mount fails to identify
 

the other alleged witnesses involved, referring to them

simply as "autograph dealers in New York and Boston" and

"associates and friends." 

 In the remaining appeal, Mount alleges that he was

denied the right to confront a "witness" named Rodney

Armstrong. Yet Armstrong did not testify at trial. And

there is no suggestion that Mount was denied access to the

 

1. The district court dismissed each of these petitions sua
 
sponte without calling for a response from the government.
 
As a result, the government did not--indeed, was unable to--
plead abuse of the writ below. See, e.g., McCleskey v. Zant,
 
111 S. Ct. 1454, 1470 (1991); Whittemore v. United States,
 
986 F.2d 575, 578 (1st Cir. 1993) ("The burden is on the
government to first plead abuse of the writ."). We therefore
will address the 2255 petitions on the merits. 

 -4-

notes of the relevant FBI interview or was himself precluded

from calling Armstrong as a witness. As such, this claim is

likewise baseless. 

 The judgments are affirmed. The motion for default
 

judgment in No. 92-2127 is denied.
 

 -5-