USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 92-2113 CHARLES MERRILL MOUNT, Plaintiff, Appellant, v. RYA ZOBEL, Defendant, Appellee. ________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS ___________________ [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ___________________ Nos. 92-2127 92-2128 CHARLES MERRILL MOUNT, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. _______________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Rya W. Zobel, U.S. District Judge] ___________________ ________________ Before Torruella, Cyr and Boudin, Circuit Judges. ______________ ___________________ Charles Merrill Mount on brief pro se. _____________________ A. John Pappalardo, United States Attorney, and Suzanne E. __________________ __________ Durrell, Assistant United States Attorney, on Memorandum in _______ Support of Motion for Summary Disposition for appellee in No. 92- 2113. A. John Pappalardo, United States Attorney, and Tobin N. ___________________ _________ Harvey, Assistant United States Attorney, on Memoranda in Support ______ of Motion for Summary Disposition for appellee in Nos. 92-2127 and 92-2128. __________________ June 8, 1993 __________________ Per Curiam. Having reviewed the parties' ___________ submissions and the district court records, we affirm the judgment of dismissal in each of these three consolidated appeals. In No. 92-2113, Mount seeks the return of cash ($18,400) and property (135 "autograph letters") that were seized in connection with his criminal prosecution. In the alternative, he seeks damages for the "embezzlement" and "misappropriation" of such property. The lower court properly characterized each of these claims as frivolous. Defendant (the district court judge who presided over the criminal trial) is protected by absolute immunity as to any claim for damages. See, e.g., Decker v. Hillsborough County ___ ____ ______ ___________________ Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) (per __________________ curiam). We rejected in a previous appeal Mount's effort to regain possession of the currency. Mount v. United States, _____ ______________ No. 92-1576 (1st Cir. Mar. 16, 1993) (per curiam). And Fed. R. Crim. P. 41(e) provides the proper avenue for his effort to regain possession of the letters. The record discloses that he filed such a motion for just that purpose on April 22, 1992, which the district court denied on January 14, 1993. -3- The remaining two appeals involve 28 U.S.C. 2255 petitions.1 In the first, Mount alleges that the trial court's refusal to subpoena, and/or authorize payment of travel expenses for, various witnesses in this country deprived him of compulsory process guaranteed by the Sixth Amendment. We rejected a nearly identical argument on direct appeal. See United States v. Mount, 896 F.2d 612, 620-21 ___ ______________ _____ (1st Cir. 1990). Mount alleges that, whereas that earlier argument involved foreign witnesses, his instant claim involves domestic witnesses. Yet the only such witness here identified (Barbara Johnson) not only was discussed in the direct appeal but "eventually paid her own expenses and testified at trial." Id. at 620. Mount fails to identify ___ the other alleged witnesses involved, referring to them simply as "autograph dealers in New York and Boston" and "associates and friends." In the remaining appeal, Mount alleges that he was denied the right to confront a "witness" named Rodney Armstrong. Yet Armstrong did not testify at trial. And there is no suggestion that Mount was denied access to the ____________________ 1. The district court dismissed each of these petitions sua ___ sponte without calling for a response from the government. ______ As a result, the government did not--indeed, was unable to-- plead abuse of the writ below. See, e.g., McCleskey v. Zant, ___ ____ _________ ____ 111 S. Ct. 1454, 1470 (1991); Whittemore v. United States, __________ _____________ 986 F.2d 575, 578 (1st Cir. 1993) ("The burden is on the government to first plead abuse of the writ."). We therefore will address the 2255 petitions on the merits. -4- notes of the relevant FBI interview or was himself precluded from calling Armstrong as a witness. As such, this claim is likewise baseless. The judgments are affirmed. The motion for default ________________________________________________________ judgment in No. 92-2127 is denied. __________________________________ -5-