Orlando Espinosa **SÁNCHEZ, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 94–2605 (JP).
Crim. No. 88–335 (JP).

United States District Court,
D. Puerto Rico.

April 15, 1996.

Orlando Espinosa Sánchez, Florence, CO, pro se.

Rosa E. Rodríguez, Assistant United States Attorney, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it petitioner's motion, filed under 28 U.S.C. § 2255, attacking his sentence imposed by this Court in Criminal Case No. 88–335 (JP), respondent's opposition, and petitioner's supplemental motions (docket Nos. 1, 10, 11, and 14). Petitioner asserts that he was physically ill during his trial and during the sentencing phase. Thus petitioner argues, he was tried, convicted and sentenced, even though he was incompetent to stand trial, in violation of his Fifth Amendment right to a fair trial; and that his Sixth Amendment right to the effective assistance of counsel was violated because his counsel failed to move for a mistrial.

■ This petition constitutes an abuse of writ pursuant to Rule 9(b) of the Rules Governing Actions under Section 2255 which reads in pertinent part:

A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged the judge finds that the failure of the movant to assert those grounds consti-

tuted an abuse of the procedure governed by these rules.

If there already has been one unsuccessful habeas petition, a second petition which fails to allege why the new issues were not raised previously could constitute an abuse of the writ such that automatic dismissal were required. *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517, *reh'g denied*, 501 U.S. 1224, 111 S.Ct. 2841, 115 L.Ed.2d 1010 (1991). The only way that a judge should not automatically dismiss the second petition is if petitioner comes forward with a reason stating the cause for his failure to raise the issue in the first petition, or if a fundamental miscarriage of justice would result from automatic dismissal. *See Whittemore v. United States*, 986 F.2d 575 (1st Cir.1993); *Andiarena v. United States*, 967 F.2d 715, 717 (1st Cir.1992).

Petitioner previously filed another petition for habeas corpus relief in Civil Case No. 92–1601 (JP). In the first motion, petitioner alleged that his sentence was constitutionally infirm because of improper application of the sentencing guidelines, lack of Court's jurisdiction, ineffective assistance of counsel in violation of his Sixth Amendment right, and violation of his Fifth Amendment right to be free from compelled self-incrimination. This motion was denied and his petition dismissed on April 19, 1995, after this Court considered the merits of petitioner's arguments. In this second motion for habeas corpus relief, petitioner does not assert any reason why the arguments raised in this motion were not raised in his first motion. Nonetheless, the Court finds that the record and motions filed in this case clearly demonstrate that the petitioner is not entitled to habeas corpus relief, and his petition is hereby **DENIED** on its merits without a hearing.

## I. BACKGROUND

Petitioner's first action for habeas corpus relief in Civil Case No. 92–1601, contains a complete recounting of the factual background of this case. Moreover, the First Circuit opinion contains a summary of the background of the criminal trial. *United States v. Passos–Paternina*, 918 F.2d 979 (1st Cir.1990). Therefore, only the pertinent facts are herein conveyed.

On September 3, 1988, around 7:30 p.m., the Coast Guard Cutter NINVAC noticed an unidentified vessel a few miles off the coast of the U.S. Virgin Islands behaving in a suspicious manner. After contacting members of the crew, members of the Coast Guard Cutter boarded the "SHEME". The five members of the "SHEME" crew disregarded the Coast Guard's order to present themselves on deck, and they were later discovered below deck wiping their arms, faces, and hands free from grease and changing their greasy clothing. A "sweep team" inspected the vessel and discovered a greasy steel plate near the water tanks of the vessel covering a compartment which contained 386.2 kilos of a substance which scientific tests later determined was ninety four percent (94%) pure cocaine. The Coast Guard arrested those individuals present on the vessel and transported them to San Juan, Puerto Rico.

On September 7, 1988, defendant, Orlando Espinosa Sánchez, and four other codefendants were indicted for possession with the intent to distribute a controlled substance in violation of Maritime Drug Law Enforcement Act, 46 U.S.C.App. § 1903 and conspiracy in violation of 18 U.S.C. § 2. On December 5, 1988, a jury found defendant Espinosa Sánchez guilty. The District Court sentenced defendant on April 3, 1989, pursuant to the Sentencing Guidelines to a term of 262 months, five years of supervised release and a $50.00 special monetary fine.

Petitioner currently argues that he was mentally incompetent to stand trial because of the severity of his physical condition. Therefore, he argues, the Court should have delayed trial, sent him to a doctor, and it was error for his counsel to have failed to move for a mistrial when the court denied counsel's request for a continuation.

After giving careful consideration to petitioner's claims, this Court concludes they are either meritless on their face, *Machibroda v. United States*, 368 U.S. 487, 495–96, 82 S.Ct. 510, 514–15, 7 L.Ed.2d 473 (1962) (a facially inadequate motion for 2255 habeas corpus may be summarily denied), or inadequately

supported by any factual allegations, *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir. 1990) (citations omitted) (cannot accept the allegations as true because 'they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact').

## II. DISCUSSION

### A. *Competency to Stand Trial*

A criminal defendant has a right to a fair trial. This right encompasses the right to be competent during a proceeding which will determine an individual's right to freedom. Therefore, conviction of a criminal defendant while he is legally incompetent violates due process. *Pate v. Robinson,* 383 U.S. 375, 378, 86 S.Ct. 836, 838, 15 L.Ed.2d 815 (1966).

The statutorily required procedures which a court shall follow in order to determine a defendant's competency are set forth at 18 U.S.C. §§ 4241–47. Any time after commencement of prosecution and prior to sentencing for the offense, either attorney for defense or government may make motion, or the court may decide sua sponte

> ... if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a).

*See U.S. v. Saban–Gutiérrez,* 783 F.Supp. 1538, 1549 (D.P.R.1991). The need for competency survives even after the conviction but prior to the sentencing. *U.S. v. Pellerito,* 878 F.2d 1535, 1544 (1st Cir.1989).

Petitioner alleges that his constitutional rights were violated because this Court failed to hold a competency hearing to determine whether petitioner was competent to stand trial and to be sentenced by this Court. Petitioner contends that his physical condition caused him to be mentally incompetent to stand trial. Further, petitioner argues that he informed his counsel on numerous occasions of his medical condition, yet counsel failed to take proper measures to bring this issue to the attention of the Court.

Once counsel did finally bring this issue to the Court on the fourth day of trial, petitioner asserts that Dr. Prieto's diagnosis of his condition was incorrect. In the alternative, petitioner argues that even assuming that Dr. Prieto's diagnosis had been correct, petitioner's medical condition was sufficiently serious to warrant a continuation of trial at that point in time. Petitioner further argues that the trial court erred in failing to inquire into the physical and mental competency of the petitioner.

The facts as clearly stated in the record do not support petitioner's contentions. On the third day of trial, Thursday, December 1, 1988, defense counsel did bring to the Court's attention that petitioner had been running a high fever, and requested that a physician diagnose petitioner's condition (docket No. 152 at 2). Therefore, Dr. Prieto, the physician on duty at the jail, who had been treating petitioner, was called to examine petitioner's present condition. Prior to the examination, defense counsel requested that the physician make a determination concerning petitioner's ability to stand trial based upon both his physical and mental state (docket No. 152 at 25). Immediately thereafter, Dr. Prieto examined petitioner. After completing his examination, the physician stated for the record as follows:

> Orlando Espinosa Sánchez has been our patient since 9/9/88. At that time he was a physically stable patient and he has been developing some type of PUD, peptic ulcer disease, or a duodenal ulcer disease.

> In the last few weeks this condition has been worsening, and this goes with an anemia. That is a very low hematocrit. And his condition now is poor. But he is alert and he can stand trial. He is under treatment and he is able to continue in this trial as long as he keeps taking the treatment—(at 26).

The Court ascertained that medication had in fact been given to petitioner earlier that morning. After testimony had ended for the day, around 1:00 p.m., petitioner was sent to a gastroenterologist, pursuant to Dr. Prieto's request (at 24).

On the fourth day of trial, Friday, December 2, 1988, however, it appeared that petitioner's condition had worsened, such that hospitalization was required (docket No. 153, at 2). Petitioner's counsel requested a continuation of trial because petitioner was hospitalized and unable to remain alert (docket No. 153, at 4). The trial did not continue on Friday, December 2, 1988. The Court performed a visual inspection of the vessel, and dismissed the jury until the morning of Monday (docket No. 153, at 17). The Court instructed Dr. Prieto to inform the Court of petitioner's status, and to inform defense counsel of petitioner's condition over the weekend. On Monday, December 5, 1988, the fifth day of trial, petitioner was present during the proceedings, for the closing arguments (docket No. 154 at 4).

■ Petitioner merely asserts that Dr. Prieto's diagnosis of a duodenal ulcer was incorrect. However, the information presented by petitioner is irrelevant. It is well settled that "[a] habeas application must rest on a foundation of factual allegations presented under oath, either in a verified petition or supporting affidavits,.... Facts alluded to in an unsworn memorandum will not suffice." *United States v. LaBonte* 70 F.3d 1396, 1413 (1st Cir.1995) (citing *Barrett v. United States*, 965 F.2d 1184, 1195 (1st Cir.1992)). There is nothing in the record, nor any evidence as presented by petitioner, that Dr. Prieto's diagnosis was incorrect.

The medical evaluation performed at the relevant time period by a qualified treating physician found that petitioner was in fact, competent to stand trial, as long as he continued under treatment and taking medication. Petitioner was given medication, taken to the hospital, and then released. Therefore, this Court refused to conduct a formal hearing to determine petitioner's competency, when all the medical evidence in the record, including a recent examination by a qualified physician, revealed that petitioner was competent to stand trial. This decision was not erroneous. *See United States v. Lebrón,* 76 F.3d 29 (1st Cir.1996) (trial court's decision to refuse to conduct a competency hearing is not reversible error when the examination of a qualified psychiatrist, a psychiatric report and other pertinent information reveal that defendant was competent to stand trial).

B. *Sixth Amendment—Ineffective Assistance of Counsel*

■ Petitioner previously raised three issues to support his claim alleging ineffective assistance of counsel: first, that defense counsel failed to present at trial a strong argument that petitioner did not actually participate in the conspiracy; second, that counsel failed to interview and obtain exculpatory evidence from three potential witnesses; and third, counsel failed to call petitioner to the stand to testify on his own behalf. Currently petitioner asserts that defense counsel provided him ineffective assistance because counsel failed to request a competency hearing.

■ Whether petitioner's right to effective assistance of counsel embodied in the Sixth Amendment's guarantee of a right to counsel has been violated involves a two prong test: first, whether the performance of counsel fell below an objective standard of reasonableness, and second, whether counsel's performance was prejudicial to petitioner's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Petitioner's argument is meritless. Under the circumstances, none of counsel's actions or omissions to act fall below an objective standard of reasonableness. Therefore, it is unnecessary to consider the second prong of whether the alleged errors constitute prejudicial error.

Defense counsel brought petitioner's physical condition to the attention of the Court, and argued for a continuation (docket No. 153, at 4). The Court continued the trial on Monday morning. A trained medical physician determined that petitioner was competent to stand trial. There was no other medical evidence which would warrant a continuation of the trial. Therefore, defense counsel's performance did not fall below an objective standard of reasonableness.

**III. CONCLUSION**

Petitioner's petition for habeas corpus is an abuse of writ since petitioner previously

filed a petition for habeas corpus based upon other grounds, failed to include the current grounds in the prior petition, and fails to assert why these issues were not previously raised. Nonetheless, petitioner's arguments are contradicted by the record and unsubstantiated by factual allegations. Therefore, petitioner's request for habeas corpus relief is hereby **DENIED.** Judgment shall be entered accordingly.

IT IS SO ORDERED.