Derick **PETERSON**, Petitioner/Appellee,

v.

Edward **MURRAY**,
Respondent/Appellant.

No. 91–4008.

United States Court of Appeals,
Fourth Circuit.

Aug. 22, 1991.

Before HALL, SPROUSE and WILKINSON, Circuit Judges.

## ORDER

The court hereby vacates the stay of execution.

Petitioner was convicted of capital murder in a Virginia Circuit Court in 1982 and was sentenced to death. After exhausting his state appeal, he petitioned for and was denied post-conviction relief in the Virginia courts and filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia in 1989. We later, on May 24, 1990, affirmed the judgment of the district court dismissing the habeas corpus petition. *Peterson v. Murray,* 904 F.2d 882 (4th Cir. 1990). The United States Supreme Court denied Peterson's petition for writ of certiorari on November 26, 1990, *Peterson v. Murray,* —— U.S. ——, 111 S.Ct. 537, 112 L.Ed.2d 547 (1990)—as it had dismissed his two other certiorari petitions seeking relief from denial action of the Virginia Supreme Court.

After again unsuccessfully petitioning for a writ of habeas corpus from the Virginia Supreme Court on August 20, 1991, the petitioner filed an almost identical petition in the United States District Court for the Eastern District of Virginia on the evening of August 21, 1991, and included a request for a stay of his execution which is set for August 22, 1991. Today, August 22, 1991, with no detailed explanation, the district court granted a "temporary" stay.

■ In three different ways, the Supreme Court of the United States has sought to discourage the practice of overwhelming the courts and an opposing party with new claims on the eve of an execution date. The Supreme Court has made plain that claims not raised in state court are procedurally defaulted, that requests for new rules upon collateral attack will not be entertained, and that abuse of the writ of habeas corpus through successive petitions must be curbed. Each of these three doctrines has applicability in this case. In its order denying a stay of execution, the Virginia Supreme Court made plain that petitioner's claims were all procedurally defaulted under Va.Code Ann. § 8.01–654(B)(2) and *Slayton v. Parrigan,* 215 Va. 27, 205 S.E.2d 680 (1974). Petitioner's claims that the Commonwealth did not require him to be evaluated by a psychiatrist in 1982 and that the trial court's penalty phase instructions did not explain the meaning and function of mitigating circumstances are the most evident examples of requests for new rules upon collateral review of the case. Finally, one of Peterson's claims (VI) has already been addressed on the merits in a prior habeas proceeding, and the remainder are barred under the authority of *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), which under circumstances such as are present here prevents an abuse of the writ of habeas corpus by raising new grounds for relief in a successive petition.

■ We emphasize that petitioner has had eight years to litigate his conviction, nine months to press these claims since the Supreme Court of the United States denied certiorari on his last habeas petition, and over five weeks to advance his contentions since the execution date was set. It is not appropriate that these claims, all of which are barred by well-established doctrine, would be thrust upon the courts and opposing counsel at the last minute. Nonetheless, any capital case is a matter of the utmost gravity and, even at the eleventh hour, a court must once again assure itself that no fundamental miscarriage of justice is taking place. We have thus reviewed the substantial filings of the parties, and we are satisfied that there is no question of actual innocence involved here. The Virginia Supreme Court on direct appeal detailed at some length the substantial testimony of eyewitnesses that petitioner shot

at close range an employee of a Pantry Pride supermarket, Howard Kauffman, who was offering no resistance. *Peterson v. Commonwealth*, 225 Va. 289, 302 S.E.2d 520, 524 (1983). The Virginia Supreme Court also detailed the evidence of future dangerousness that supported the jury's capital conviction:

> There is nothing in the record to suggest that the death sentence was imposed under any improper influence.
>
> *      *      *      *      *      *
>
> As the record shows, Peterson was in constant difficulty with the juvenile authorities from an early age. As a juvenile he was committed to detention for armed robbery at age 15; as an adult he was convicted of breaking and entering and grand larceny. He was convicted of armed robbery and a related offense committed approximately three weeks before the shooting at the Pantry Pride store. He was convicted of armed robbery and a related offense committed the next day after the Kauffman slaying. He threatened a witness who testified against him. All this evidence, which the jury and the trial judge obviously accepted, showed Peterson to be a dangerous man who would probably commit other acts of violence if given any opportunity to do so. Accordingly, we hold that the death sentence was not influenced by any arbitrary factors.

302 S.E.2d at 527–28.

For the foregoing reasons, we grant the motion to vacate the stay of execution. The mandate shall issue immediately.

Entered at the direction of a panel consisting of Circuit Judge HALL, Circuit Judge SPROUSE, and Circuit Judge WILKINSON.